TRANSAMERICA INSURANCE CORPORATION OF AMERICA v
HASTINGS MUTUAL INSURANCE COMPANY

Docket No. 115664. Submitted June 19, 1990, at Lansing. Decided
August 22, 1990. Leave to appeal applied for.

Scott C. Curtiss was involved in a one-car accident and sustained
severe injuries which required extensive medical care. At the
time of the accident Scott was residing with his parents. The
car involved in the accident was owned by Scott's mother and
insured under a no-fault policy issued by Transamerica Insur-
ance Corporation of America which listed Scott's parents as the
named insureds. Hastings Mutual Insurance Company insured
a vehicle which was co-owned by Scott and his mother and
which had Scott's parents listed as the named insureds. On the
Hastings policy, Scott was specifically identified as one of
several drivers of the vehicle. Transamerica paid personal
protection benefits and sought reimbursement from Hastings.
When a dispute arose as to their respective liabilities, Trans-
america commenced an action in Ingham Circuit Court, alleg-
ing that Hastings was solely responsible for payment of per-
sonal protection benefits because Hastings had the only policy
in which Scott was a "person named in the policy" within the
meaning of that phrase as used in the personal protection
provision of the no-fault act. The matter was submitted to the
trial court on stipulated facts. The trial court, Thomas L.
Brown, J., held that Hastings was first in priority and ordered
Hastings to reimburse Transamerica for all no-fault benefits it
had paid. Hastings appealed.

The Court of Appeals held:

The term "the person named in the policy" is synonymous
with the term "the named insured." Accordingly, since Scott
Curtiss was not a named insured on the Hastings policy but
rather merely a listed driver, Scott Curtiss was not a "person
listed in the policy" within the meaning of that phrase as used
in the no-fault act. The two insurers thus occupy the same level

REFERENCES

Am Jur 2d, Automobile Insurance §§ 236, 283, 354.
Who is "named insured" within meaning of automobile insurance
coverage. 91 ALR3d 1280.

of priority for payment of no-fault benefits and therefore must equally share the burden.

Reversed.

INSURANCE — NO-FAULT — NAMED INSURED — DESIGNATED DRIVERS.

The terms "the named insured" and "the person named in the policy" are interchangeable for the purpose of personal protection coverage of an insurance policy issued under the no-fault insurance act; a person who is identified in a no-fault insurance policy as one of several drivers of the insured vehicle but who is not designated as a "named insured" is not "the person named in the policy" within the meaning of the section of the no-fault act relating to personal protection coverage (MCL 500.3114[1]; MSA 24.13114[1]).

*Foster, Swift, Collins & Smith, P.C.* (by *William R. Schulz* and *Kathleen A. Feeney*), for plaintiff.

*Nancy L. Bosh,* for defendant.

Before: GRIFFIN, P.J., and SHEPHERD and DOCTOROFF, JJ.

GRIFFIN, P.J. In this no-fault priority dispute, defendant appeals as of right a circuit court judgment holding it solely liable for no-fault personal protection insurance benefits payable as a result of a one-car accident. We reverse.

I

On August 6, 1985, Scott C. Curtiss was involved in a one-car accident. At the time of the accident, Scott resided with his parents, Charles H. and Janet C. Curtiss. As a result of the accident, Scott sustained a severe closed head injury for which he requires extensive medical care.

Prior to August 6, 1985, both plaintiff and defendant had issued no-fault policies covering various vehicles in the Curtiss household. The vehicle involved in the accident, a 1982 Mercury Capri

owned by Scott's mother, was insured under a policy issued by plaintiff, Transamerica Insurance Corporation of America. This policy listed Charles H. and Janet C. Curtiss as named insureds. There was no mention of Scott in this policy, either as a named insured or as an occasional driver.

Defendant, Hastings Mutual Insurance Company, insured a 1977 Pontiac Sunbird, which was co-owned by Scott and his mother. Like the Transamerica policy, the Hastings Mutual policy listed Scott's parents as the named insureds. However, the Hastings Mutual policy specifically identified Scott C. Curtiss as one of several drivers of the Pontiac Sunbird.

Following the accident, both plaintiff and defendant were notified that Scott would be seeking personal protection benefits as a result of the accident. Plaintiff began paying these benefits and sought reimbursement from defendant. A dispute ensued, and plaintiff ultimately filed suit.[1] In its first amended complaint, Transamerica alleged that Hastings was solely responsible for no-fault benefits because only defendant had a policy in which Scott was a "person named in the policy" within the meaning of § 3114(1) of the no-fault act, MCL 500.3114(1); MSA 24.13114(1):

> Except as provided in subsections (2), (3), and (5), a personal protection insurance policy described in section 3101(1) applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident. A personal injury insurance pol-

[1] As of October 16, 1987, Transamerica had paid in excess of $169,000 in PIP benefits for Scott's injuries. Following the lawsuit, defendant reimbursed Transamerica for one half of this amount, and the parties have agreed to continue payments on an equal basis pending final resolution of their dispute.

icy described in section 3103(2) applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motorcycle accident. When personal protection insurance benefits or personal injury benefits described in section 3103(2) are payable to or for the benefit of an injured person under his or her own policy and would also be payable under the policy of his or her spouse, relative, or relative's spouse, the injured person's insurer shall pay all of the benefits and shall not be entitled to recoupment from the other insurer.

The case was submitted to the trial court for decision on stipulated facts. The court agreed with plaintiff that defendant was first in priority under the statute and ordered defendant to reimburse plaintiff for all no-fault benefits paid by the plaintiff.

II

On appeal, defendant contends that the circuit court erred in ruling that Scott, by virtue of his designation as a driver of the Pontiac Sunbird, was a "person named in the policy" within the meaning of MCL 500.3114(1); MSA 24.13114(1). We agree.

Previously, this Court in *Dairyland Ins Co v Auto-Owners Ins Co,* 123 Mich App 675; 333 NW2d 322 (1983), addressed the scope of the phrase "person named in the policy" as it appears in the above cited statute. In *Dairyland,* Thomas Sterly was injured in an automobile accident which occurred while he was a passenger in a vehicle driven by plaintiff's insured. At the time of the accident, Sterly lived with his sister Donna and his grandfather. By way of a code designation, Donna was endorsed as a driver on a no-fault policy

issued to her mother, who lived elsewhere. This policy had been issued by defendant, Auto-Owners Insurance Company.

After paying no-fault benefits to Sterly, Dairyland sought reimbursement from Auto-Owners. One of the asserted grounds was that Donna was a person named in her mother's policy under MCL 500.3114(1); MSA 24.13114(1). The trial court rejected this argument, and we affirmed, reasoning as follows:

> Plaintiff did not dispute that the "named insured" on defendant's policy was Betty Sterly, who is the mother of Thomas and Donna Sterly. The first step in plaintiff's argument is based on the contention, however, that there is a distinction between "named insured" and "person named in the policy." Plaintiff has cited no case law from this or any other jurisdiction in support of that contention. Our Court has used the term "named insured" interchangeably when referring to "the person named in the policy" under § 3114. Thus in *Bierbusse v Farmers Ins Group of Companies*, 84 Mich App 34, 36; 269 NW2d 297 (1978), the Court said:
>
> "Our research has produced only one case that interprets the aforementioned section of the no-fault act. In *Citizens Mutual Ins Co v Community Services Ins*, 65 Mich App 731; 238 NW2d 182 (1975), a panel of this Court held that an estranged spouse, not domiciled with the *named insured*, is still covered by the *named insured's* no-fault automobile policy. However, the panel went on to conclude that any other relative of the *named insured* or the spouse must be domiciled with the *named insured* in order to be covered under the *named insured's* policy." (Emphasis added.)
>
> And in *Citizens Mutual Ins Co, supra*, p 732 the Court said:
>
> "Defendant has succinctly stated the issue: do

personal protection insurance benefits of a Michigan no-fault automobile insurance policy extend to the estranged wife of a *named insured* not domiciled in his household?" (Emphasis added.)

We are not persuaded that there is a distinction between the phrase "the person named in the policy" and the phrase "the named insured."

We further believe it illogical to interpret a code designation, dealing with a risk classification, as the equivalent of naming an insured. Policy language must be construed according to its ordinary, plain meaning. *Rowland v Detroit Automobile Inter-Ins Exchange,* 388 Mich 476; 201 NW2d 792 (1972). Under plaintiff's interpretation, sons or daughters leaving their parents' household to establish new domiciles would carry with them coverage from their parents' policy and extend it to their spouse or other relatives in their new household. This interpretation requires a greatly strained construction of the statutory language and would substantially expand the insurer's exposure without the insurer's having any practical means of calculating the risk. [*Dairyland Ins, supra* at 685-686.]

We find this rationale persuasive and applicable to the present case. Accordingly, we conclude that, for purposes of determining priority under MCL 500.3114(1); MSA 24.13114(1), Scott C. Curtiss is not a "person named in the policy" issued by defendant Hastings Mutual. We are persuaded that to hold otherwise would expand the insurer's exposure to a point beyond justifiable limits. This point is succinctly illustrated by the following excerpt from defendant's brief:

Under Transamerica's theory, Scott will be an insured under the Hastings Mutual policy wherever he goes and whatever he does. If Scott marries and leaves home to live with his spouse, he will continue to be insured because he is "the

person named in the policy." In addition, Scott's spouse, their children, and any relative domiciled in the same household will be entitled to benefits under Hastings Mutual's policy. . . . Under Transamerica's reading of "the person named in the policy," coverage has now been extended from one household—that of the named insureds—to three households and several more people—probably more people than could reasonably be expected to reside in the Curtiss household. Is this what Hastings Mutual, the Curtisses or the Legislature intended? It hardly seems likely.

Based on the foregoing, we reverse the judgment of the trial court and hold that "the named insured" and "the person named in the policy" are synonymous terms. Accordingly, both insurers occupy the same level of priority for payment of the no-fault benefits and must therefore equally share the burden.

In light of our disposition, we find it unnecessary to address defendant's remaining issues.

Reversed.