HARWOOD v AUTO-OWNERS INSURANCE COMPANY

Docket Nos. 162236, 163810. Submitted October 6, 1994, at Detroit. Decided April 13, 1995; approved for publication May 31, 1995, at 9:05 A.M.

Joanne Harwood, as guardian and conservator for her son Jonathan M. Harwood, brought an action in the Roscommon Circuit Court against Auto-Owners Insurance Company and Roscommon Agency, Inc., seeking, under a no-fault automobile insurance policy issued . by Auto-Owners through Roscommon Agency, personal protection insurance benefits for injury sustained by Jonathan in an automobile accident in Missouri. At the time of the accident, Jonathan was driving an uninsured automobile whose title was held by his father, Edwin Harwood. Three other automobiles owned by Edwin were insured under an Auto-Owners policy issued to his father, Russell Harwood. Under that policy, Edwin and Joanne were listed as the principal drivers of Edwin's automobiles. Jonathan resided in the household of Edwin and Joanne, and Russell lived apart from Edwin, Joanne, and Jonathan. The court, Carl L. Horn, J., denied Auto-Owners' initial motion for summary disposition but granted a subsequent motion, ruling that no genuine issues of material fact existed and Auto-Owners was entitled to judgment as a matter of law. Joanne appealed, Auto-Owners appealed the denial of the first motion for summary disposition, and the appeals were consolidated.

The Court of Appeals *held*:

1. Unless the vehicle involved in an out-of-state accident is covered by a personal protection insurance policy, recovery of personal protection insurance benefits for accidental bodily injury suffered in such an accident is not available under MCL 500.3111; MSA 24.13111 to a named insured under a personal protection insurance policy, that person's spouse, a relative of either domiciled in the same household, or an occupant of the vehicle.. There was no dispute in this case that the vehicle involved in the accident was uninsured.

2. There was no genuine issue of fact regarding whether

REFERENCES
Am Jur 2d, Automobile Insurance §§ 340-342.
See ALR Index under No-Fault Insurance.

Edwin was a named insured under the Auto-Owners policy. Edwin was merely a designated driver. Russell was the named insured under the policy.

3. The Auto-Owners policy is not subject to reformation as requested by Joanne, because mutual mistake, fraud, or inequitable conduct was not alleged and because the contract of insurance was between Auto-Owners and Russell.

4. There was no genuine issue of fact regarding whether Roscommon Agency was an agent of Auto-Owners. It was clear that Roscommon Agency, as an independent agent that sold policies from other insurers, was not the agent of Auto-Owners.

5. In denying Auto-Owners' first motion for summary disposition, the trial court did not err in ruling that there was a factual issue concerning who owned the automobile involved in the accident.

Affirmed.

INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE — OUT-OF-STATE ACCIDENTS — UNINSURED VEHICLES.

Personal protection insurance benefits for accidental bodily injury suffered in an automobile accident outside Michigan are not available unless the vehicle involved in the accident is covered under a personal protection insurance policy (MCL 500.3101[1], 500.3111, 500.3113[b]; MSA 24.13101[1], 24.1311, 24.13113[b]).

*Law Offices of Wayne J. Miller, P.C.* (by *Gloria Perez*), for Joanne Harwood.

*Plunkett & Cooney, P.C.* (by *Robert G. Kamenec*), for Auto-Owners Insurance Company.

Before: HOOD, P.J., and TAYLOR and D. A. SERVITTO,* JJ.

PER CURIAM. These consolidated cases involve a claim by plaintiffs, Joanne Harwood, the Attorney General, and the Department of Social Services, for no-fault personal injury protection (PIP) benefits. In Docket No. 162236, plaintiff Joanne Harwood appeals as of right the trial court's amended order granting defendant Auto-Owners Insurance

* Circuit judge, sitting on the Court of Appeals by assignment.

Company's second motion for summary disposition pursuant to MCR 2.116(C)(10). In Docket No. 163810, defendant Auto-Owners appeals as of right the trial court's order denying its first motion for summary disposition. We affirm.

Joanne Harwood, a Michigan resident, sought no-fault benefits from defendant Auto-Owners after her minor son, Jonathan, suffered a severe closed-head injury in an automobile accident in Missouri. At the time of the accident, Jonathan was driving a 1977 Dodge Omni, which had been purchased for him one week earlier by his father, Edwin. Edwin claimed that Jonathan actually purchased the vehicle, but stated that his (Edwin's) name appeared on the title because he was a cosigner on the loan.

It is undisputed that at the time of the accident, the Dodge Omni was uninsured. Sometime before the accident, Edwin's father, Russell, who did not live with Edwin, added Edwin's three vehicles to his own insurance policy (also issued by defendant) after Edwin's policy lapsed because of nonpayment of premium. When the accident occurred, Joanne and Edwin were listed as the principal drivers of Edwin's three vehicles. Again, the Dodge Omni was not one of the three vehicles (belonging to Edwin) covered under Russell's policy. Defendant Auto-Owners denied coverage and plaintiff initiated suit. Competing motions for summary disposition were filed and the trial court eventually granted summary disposition in favor of defendant.

Plaintiff first claims that the trial court erred in granting summary disposition in favor of defendant because, at the time of the accident, Jonathan was occupying a vehicle whose owner (Edwin) was insured under a PIP policy. We disagree. Sec-

tion 3111 of the no-fault act provides in relevant part:

> Personal protection insurance benefits are payable for accidental bodily injury suffered in an accident occurring out of this state, if the accident occurs within the United States, its territories and possessions or in Canada, and the person whose injury is the basis of the claim was at the time of the accident a named insured under a personal protection insurance policy, his spouse, a relative of either domiciled in the same household or an occupant of a vehicle involved in the accident *whose owner or registrant was insured under a personal protection insurance policy* or has provided security approved by the secretary of state under subsection (4) of section 3101. [MCL 500.3111; MSA 24.13111.]

Recently, our Supreme Court, in two footnotes, interpreted this section as requiring the *vehicle* involved in the accident to be insured under a PIP policy before an insurer may become obligated to honor a claim for PIP benefits. See *Rohlman v Hawkeye-Security Ins Co*, 442 Mich 520; 502 NW2d 310 (1993). Although there is arguably some tension between this nonbinding interpretation and the literal language of § 3111, we find persuasive the Supreme Court's interpretation of this section. Requiring the vehicle itself to be insured encourages motorists to comply with MCL 500.3101(1); MSA 14.13101(1), which requires the owner or registrant of a motor vehicle to maintain insurance for the vehicle. In this case, the trial court properly granted defendant's motion pursuant to MCR 2.116(C)(10) because it was undisputed that the vehicle involved in the accident was uninsured.

Next, plaintiff argues that summary disposition was inappropriate because a question of fact ex-

isted regarding whether Edwin was a named insured under Russell's insurance policy with defendant. Again, we disagree. Whether Edwin was a named insured under Russell's insurance policy is significant because MCL 500.3111; MSA 24.13111 provides that a relative domiciled in the household of a named insured under a PIP policy can recover PIP benefits. There is no question that Jonathan was a relative of Edwin and resided in Edwin's household. However, neither Russell's policy nor the no-fault act defines "named insured." The policy issued by defendant to Russell indicates that Russell is the "insured." Whereas Edwin and Joanne are designated under Russell's policy as the principal drivers of the three vehicles owned by Edwin.

The policy at issue defines "insured" as:

> The named insured and any person using the automobile and any person or organization legally responsible for its use, provided the actual use thereof is with the permission of the named insured or if the named insured is an individual, with the permission of an adult member of the household who is not a chauffeur or domestic servant.

This definition makes it clear that Russell is the named insured and Edwin is merely an insured. Additionally, merely listing a person as a designated driver on a no-fault policy does not make the person a "named insured." See *Transamerica Ins Corp of America v Hastings Mutual Ins Co,* 185 Mich App 249, 254-255; 460 NW2d 291 (1990). To hold otherwise would expand defendant's risk of exposure beyond justifiable limits. *Id.* Accordingly, we find no error with the trial court's ruling.

Plaintiff further argues that the trial court im-

properly dismissed her claim for reformation of the insurance contract. More specifically, plaintiff argues that if this Court finds that Edwin is not a "named insured," then the insurance policy should be reformed in a manner that designates Edwin as a named insured. Plaintiff claims that this would be consistent with the parties' intent. First, plaintiff does not argue that there was a mutual mistake or that defendant committed fraudulent or inequitable conduct. Moreover, though plaintiff has seemingly ignored this point, we note that Edwin was not a party to the insurance contract. Instead, the parties to the insurance contract were Edwin's father, Russell, and defendant Auto-Owners. Russell has not requested reformation and, for that additional reason, plaintiff's argument here is unavailing.

Finally, plaintiff argues that the trial court erred in granting defendant's motion for summary disposition because there are questions of fact about whether defendant Roscommon Agency, Inc., was an agent of defendant Auto-Owners. Ordinarily, an independent insurance agent or broker is an agent of the insured, not the insurer. *Mayer v Auto-Owners Ins Co,* 127 Mich App 23, 26; 338 NW2d 407 (1983). As did the insurance agent in *Mayer,* Thomas Barron, an independent agent who worked for the Roscommon Agency and who sold the subject policy to Russell, testified that he was an independent insurance agent and had the power to place insurance with various insurance companies. Pursuant to *Mayer, supra,* defendant Roscommon Agency was the agent of plaintiff, not of defendant Auto-Owners. Because there is no question of material fact that defendant Roscommon Agency was not the agent of defendant Auto-Owners, the trial court properly granted defendant's motion for summary disposition.

In its appeal, defendant Auto-Owners claims that the trial court improperly determined that there was a genuine issue of material fact regarding ownership of the 1977 Dodge Omni. According to defendant, Jonathan was the equitable owner of the vehicle. If Jonathan was the owner of the vehicle, he cannot recover PIP benefits because the Omni was uninsured at the time of the accident. MCL 500.3113(b); MSA 24.13113(b). The question below was who owned the Omni, Edwin or Jonathan. (Under Michigan law one or more persons may be considered the owner of a vehicle.) In *Botsford General Hosp v Citizens Ins Co*, 195 Mich App 127, 133; 489 NW2d 137 (1992), this Court ruled that "the question of ownership is one of fact that is to be decided by the factfinder." Accordingly, the trial court properly refused to grant defendant's motion as a matter of law.

Affirmed.