CVENGROS v FARM BUREAU INSURANCE

Docket No. 171245. Submitted March 19, 1996, at Grand Rapids. Decided
April 9, 1996, at 9:10 A.M.

James Cvengros brought an action in the Cheboygan Circuit Court
against Farm Bureau Insurance, seeking no-fault personal injury
protection benefits for injuries he received while a passenger in an
uninsured vehicle involved in a single-vehicle accident. At the time
of the accident, the plaintiff lived with his girlfriend and their two-
year-old daughter. The plaintiff's girlfriend was insured by a policy
of no-fault automobile insurance issued by the defendant that listed
the daughter as a future driver. The plaintiff based his suit on his
interpretation of the phrase "the person named in the policy" as it
is used in MCL 500.3114; MSA 24.13114 to claim coverage as a rela-
tive of his daughter. The court, Robert C. Livo, J., granted summary
disposition for the defendant and imposed sanctions against the
plaintiff for filing a frivolous lawsuit. The plaintiff appealed.

The Court of Appeals *held:*

1. The phrase "the person named in the policy" is synonymous
with the term "the named insured." The mere listing of a person as
a designated driver on a no-fault insurance policy does not make
the person a "named insured."

2. The plaintiff's girlfriend is the named insured for the policy.
The plaintiff's daughter is not a named insured. The trial court
properly granted summary disposition for the defendant on the
basis that the plaintiff's daughter was not a named insured for cov-
erage purposes.

3. The plaintiff was not entitled to the personal injury protection
benefits. He is not a "relative" of his girlfriend pursuant to the pol-
icy. The policy defines "relative" as a person related to the named
insured by blood, marriage, or adoption who is a resident of the
same household.

4. The trial court did not clearly err in imposing sanctions against
the plaintiff for filing a frivolous lawsuit. The plaintiff's claims were
devoid of arguable legal merit.

5. The plaintiff's assertion that, pursuant to MCL 700.111; MSA
27.5111, he was related to his girlfriend is devoid of merit because
the statute provides no authority for the plaintiff's assertion. In

addition, the affidavits of merit submitted to the trial court by the plaintiff provide no legal authority for the plaintiff's position.

6. The trial court, after finding that the plaintiff's complaint was frivolous, was required by MCL 600.2591(1); MSA 27A.2591(1) to impose sanctions on the plaintiff.

7. The defendant is entitled to an award of costs with regard to the plaintiff's appeal because the plaintiff had no reasonable basis to believe that there was a meritorious issue to appeal. In addition, the plaintiff's brief on appeal violates MCR 7.216(C)(1)(b) because it is grossly lacking in the requirements of propriety, violates court rules, or grossly disregards the requirements of a fair presentation of the issues.

Affirmed.

1. INSURANCE — NO-FAULT — WORDS AND PHRASES — PERSON NAMED IN THE POLICY — NAMED INSURED.

The phrase "the person named in the policy" contained in subsection 3114(1) of the no-fault insurance act is synonymous with the term "the named insured" and does not mean a person listed in the policy for risk assignment purposes; the mere listing of a person as a designated driver on a no-fault insurance policy does not make the person a "named insured" (MCL 500.3114[1]; MSA 24.13114[1]).

2. WORDS AND PHRASES — BLOOD RELATIONS.

A blood relation, also known as one related by consanguinity, is a person who shares with another descent from a common blood ancestor; one must look to an ancestor and not a progeny to establish a relation by blood.

3. TRIAL — FRIVOLOUS CLAIMS.

A claim is frivolous when the party's primary purpose was to harass, embarrass, or injure the prevailing party, or when the party had no reasonable basis upon which to believe that the underlying facts were true, or where the party's position was devoid of arguable legal merit (MCL 600.2591[3][a]; MSA 27A.2591[3][a]).

4. TRIAL — FRIVOLOUS CLAIMS — SANCTIONS.

A trial court that determines that a plaintiff's complaint is frivolous must sanction the nonprevailing party and the party's attorney (MCL 600.2591[1]; MSA 27A.2591[1]).

5. APPEAL — VEXATIOUS APPEALS.

An appeal may be vexatious if it is brought without any reasonable basis for belief that there was a meritorious issue to be determined on appeal (MCR 7.216[C][1][a]).

*Sumpter & Perry, P.C.* (by *James W. Perry*), for the plaintiff.

*Bensinger, Cotant, Menkes & Aardema, P.C.* (by *Patrick J. Michaels*), for the defendant.

Before: DOCTOROFF, C.J., and HOOD and GRIBBS, JJ.

PER CURIAM. This case involves a claim by plaintiff, James Cvengros, for no-fault personal injury protection (PIP) benefits. Plaintiff appeals as of right from the circuit court's order granting summary disposition for defendant Farm Bureau Insurance pursuant to MCR 2.116(C)(10) and sanctioning him for filing a frivolous lawsuit. We affirm.

Plaintiff sued defendant to obtain PIP benefits pursuant to MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.* (the no-fault act). He sought coverage for injuries he received while a passenger in an uninsured vehicle involved in a single-car accident. At the time of the accident, plaintiff lived with his girlfriend and their two-year-old daughter. Plaintiff's girlfriend was insured by a policy of insurance issued to her by defendant that listed the daughter as a future driver. Plaintiff based his suit on his interpretation of the phrase "the person named in the policy" as it was used in MCL 500.3114; MSA 24.13114 to claim coverage as a relative of his daughter. Plaintiff moved for summary disposition pursuant to MCR 2.116(C)(10). The trial court ultimately issued an order granting summary disposition for defendant, sanctioning plaintiff for filing a frivolous lawsuit, and setting the amount of sanctions, over plaintiff's nonspecific objection of excessiveness.

Plaintiff first claims that the trial court erred in granting defendant summary disposition because he is a relative of his daughter, who is a person named in the policy. We disagree. Subsection 3114(1) of the no-fault act defines the class of persons entitled to PIP benefits for accidental bodily injury to include

the person named in the policy, the person's spouse, and a relative of either domiciled in the same household. [Emphasis added.]

This Court has held that the phrase "the person named in the policy," as it is used in this section, is synonymous with the term "the named insured." *Transamerica Ins Corp v Hastings Mutual Ins Co*, 185 Mich App 249, 255; 460 NW2d 291 (1990); *Dairy-land Ins Co v Auto-Owners Ins Co*, 123 Mich App 675, 686; 333 NW2d 322 (1983). Additionally, merely listing a person as a designated driver on a no-fault policy does not make the person a "named insured." *Harwood v Auto-Owners Ins Co*, 211 Mich App 249, 253; 535 NW2d 207 (1995); *Transamerica, supra*, p 254. To hold otherwise would expand the defendant's risk of exposure beyond justifiable limits. *Harwood, supra*.

In the instant case, even though the policy does not specifically state that plaintiff's girlfriend is the named insured for the policy, it defines the term "named insured" to mean "the individual named in the declarations." The names of both plaintiff's girlfriend and his daughter appear in the declarations. However, because plaintiff's girlfriend is the only adult named in the policy and her name is the only one that appears on the top of the first declaration page, we

find that plaintiff's girlfriend is the named insured for the policy.

In contrast, plaintiff's daughter is only named as a future driver in the driver information portion of the renewal declaration. Defendant averred that it named plaintiff's daughter as a future driver for risk assignment purposes only. Accordingly, plaintiff's daughter is not a "named insured." *Id.* We therefore conclude that the trial court properly granted summary disposition for defendant on the basis that plaintiff's daughter was not a named insured for coverage purposes.[1]

Alternatively, plaintiff asserts that he is entitled to PIP benefits because he is a "relative" of his girlfriend pursuant to the policy. Again, we disagree. The policy at issue defines the term "relative" as "a person related to the named insured by blood, marriage or adoption who is a resident of the same household." Because it is undisputed that plaintiff was neither married to nor adopted by his girlfriend, he is entitled to PIP benefits only if he and his girlfriend were relatives "by blood."

Because the policy does not clearly define the term "by blood," reference to a dictionary definition to establish the commonly used meaning is appropriate. *Michigan Millers Mutual Ins Co v Bronson Plating Co*, 445 Mich 558, 568; 519 NW2d 864 (1994); *Jordan v Jarvis*, 200 Mich App 445, 451; 505 NW2d 279 (1993). A blood relation, also known as one related by consanguinity, is defined as a person who shares with another descent from a common blood ancestor. Black's Law Dictionary (6th ed), p 172. In contrast,

---

[1] We also note that plaintiff did not formally acknowledge paternity of his daughter until after the accident.

plaintiff asserts that he is related "by blood" to his girlfriend because (1) he could not serve as a juror, pursuant to MCR 2.511(D)(9), if both his girlfriend and his daughter were parties to a suit, and (2) his daughter can inherit property from both him and his girlfriend, and they can inherit property from their daughter under the provisions of § 111 of the Revised Probate Code, MCL 700.111; MSA 27.5111. Each of plaintiff's assertions ignores the fact that one must look to an ancestor and not a progeny to establish a relation by blood. Because plaintiff failed to supply the trial court with any documentary evidence that there was a genuine issue of fact regarding his relationship to his girlfriend, we find no error in the trial court's ruling. *Neubacher v Globe Furniture Rentals, Inc*, 205 Mich App 418, 420; 522 NW2d 335 (1994).

Plaintiff also challenges the trial court's award of attorney fees and costs as sanctions against him for filing a frivolous lawsuit. A trial court's finding that a claim is frivolous will not be reversed on appeal unless clearly erroneous. *LaRose Market, Inc v Sylvan Center, Inc*, 209 Mich App 201, 210; 530 NW2d 505 (1995).

If a party is represented by an attorney, the attorney has an affirmative duty to conduct a reasonable inquiry into the factual and legal viability of a pleading before it is signed. MCR 2.114(D); *LaRose, supra.* In addition, MCR 2.625(A)(2) mandates that a court tax costs, as provided by MCL 600.2591; MSA 27A.2591, to reimburse a prevailing party for its costs incurred during the course of frivolous litigation. *LaRose, supra.* A claim is frivolous when (1) the party's primary purpose was to harass, embarrass, or injure the prevailing party, or (2) the party had no

reasonable basis upon which to believe the underlying facts were true, or (3) the party's position was devoid of arguable legal merit. MCL 600.2591(3)(a); MSA 27A.2591(3)(a).

We find that the trial court did not clearly err in imposing sanctions against plaintiff for filing a frivolous lawsuit. In two published opinions, this Court pronounced that the phrase "the person named in the policy" means the "named insured" and not a person listed in the policy for risk assignment purposes. See *Transamerica, supra; Dairyland, supra.* Yet, plaintiff's attorney failed to mention either case in any of his pleadings, even though they are directly adverse to his position.

Further, plaintiff should have reasonably known that a literal application of the phrase "the person named in the policy" found in subsection 3114(1) would yield an absurd result because his daughter was less than two years old at the time of this accident, and it is unlikely that defendant would enter into a contract with someone that age because of the fact that plaintiff's daughter cannot legally drive a vehicle for approximately fourteen years. See MCL 257.303(1)(a); MSA 9.2003(1)(a). We note that plaintiff may have had a good-faith argument for his complaint if his daughter were of an age at which she could drive.

Moreover, plaintiff's assertion that he was related to his girlfriend via the operation of § 111 of the Revised Probate Code is also devoid of merit because this section provides no authority for his assertion. The section only established parameters by which children born out of wedlock may inherit property from their biological fathers. *In re Miller Estate*, 207

Mich App 19, 26; 524 NW2d 246 (1994). Likewise, the affidavits of merit submitted to the trial court by plaintiff provide no legal authority for plaintiff's position. For example, the affidavit from the chairperson of the Probate and Estate Planning Section of the State Bar of Michigan only provides that plaintiff and his girlfriend can inherit property from their daughter and vice versa.

Because plaintiff's claims were devoid of arguable legal merit, we conclude that the trial court did not clearly err in imposing sanctions against him pursuant to MCL 600.2591(3)(a)(iii); MSA 27A.2591(3)(a)(iii).

Plaintiff finally claims that the trial court erred in sanctioning him because it had an internal policy of not awarding sanctions if the request was excessive. However, the statutory provision in question provides that a trial court, after finding a frivolous complaint, shall sanction the nonprevailing party and the party's attorney. MCL 600.2591(1); MSA 27A.2591(1). Because the Legislature's use of the term "shall" denotes that the sanctions are mandatory, the trial court did not have discretion to forgo sanctions on the basis of an internal policy. *Jordan, supra.*

Defendant also argues, and we agree, that it should be awarded costs because this appeal is vexatious. An appeal may be vexatious if it is brought "without any reasonable basis for belief that there was a meritorious issue to be determined on appeal." MCR 7.216(C)(1)(a). We conclude that plaintiff had no reasonable basis to believe that there was a meritorious issue to appeal. His daughter's age at the time of the accident defeats any good-faith argument for a change in the law. Similarly, his argument that his girlfriend was his relative based on the law of intes-

tate succession has absolutely no legal merit whatsoever.

In addition, our review of the record convinces us that plaintiff's brief on appeal violates MCR 7.216(C)(1)(b) in that it is "grossly lacking in the requirements of propriety, violated court rules, or grossly disregarded the requirements of a fair presentation of the issues." First, the brief violates MCR 7.212(C)(5) because it contains only a two-page, conclusory, argument of the facts with no citation to the record. Second, the brief violates MCR 7.212(C)(6) because it does not supply this Court with citations to the record to support the factual statements in the argument. Third, plaintiff neglects to advise the Court that his daughter was only two years of age when defendant issued the policy in question. Finally, plaintiff stated that the Assigned Claims Facility denied his claim, raising an inference in this Court that he sued defendant only because the Assigned Claims Facility forced him to do so. The record, however, reveals that plaintiff made a claim with the Assigned Claims Facility three months *after* the institution of this suit against defendant.

Affirmed. Plaintiff is assessed $1,000 as sanctions for this appeal. These sanctions are awarded against plaintiff and his attorney.