John BOERMAN, Plaintiff–Appellant,

v.

AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPA-NY, Defendant–Appellee.

No. 01–2547.

United States Court of Appeals, Sixth Circuit.

Nov. 1, 2002.

Before KENNEDY, NORRIS, and BATCHELDER, Circuit Judges.

KENNEDY, Circuit Judge.

Appellant–Plaintiff John Boerman (Boerman) appeals the district court's grant of Appellee–Defendant American Empire Surplus Lines Insurance Company's (American Empire) motion for summary judgment on Boerman's insurance coverage claim. For the reasons set forth below, we AFFIRM the judgment of the district court.

I.

The facts underlying this appeal are undisputed by the parties. John Boerman, as the owner and operator of an underground storage tank removal company, purchased four claims-made pollution liability insurance policies through independent insurance agent Phil Seigler. The first policy was effective on March 11, 1994 and provided coverage through March 11, 1995; the second policy provided coverage from March 11, 1995 through March 11, 1996; the third policy provided coverage from March 11, 1996 through March 11, 1997; and, the fourth policy provided coverage from March 11, 1997 through March 11, 1998. As a claims-made policy, each policy only applied to pollution conditions that arose due to work performed and for which a claim was first made and reported to the insurance company during the policy's one-year effective period, unless the insured purchased additional coverage for work performed and claims arising outside the policy period. The terms of the poli-

cies remained constant between March 11, 1994 and March 11, 1998.

Boerman seeks indemnification from American Empire for a money judgment stemming from Boerman's alleged negligence in work completed for Kalamazoo Oil Company (Kalamazoo Oil). In November 1994, Boerman removed a number of underground storage tanks from Kalamazoo Oil's property. In July 1996, Kalamazoo Oil discovered a pollution problem in the vicinity of the tank removal site, which it attributed to Boerman's negligent failure to remove or cap a fuel oil pipe that attached to an active petroleum loading dock.

In November 1996, Boerman was served with a summons and a copy of Kalamazoo Oil's complaint. Subsequently, in February 1998, the Kalamazoo County Circuit Court entered a default judgment against Boerman as to liability due to his failure to comply with the court's discovery orders and, in June 1998, a jury awarded Kalamazoo Oil $337,290 in damages.

Boerman never notified American Empire about the Kalamazoo Oil lawsuit. American Empire only received notice of the suit in April 1997 because Kalamazoo Oil's attorney sent American Empire a letter indicating her client's intent to seek satisfaction from Boerman's insurers for any money judgment that might be awarded by the circuit court. American Empire denied Boerman coverage for the Kalamazoo Oil claim because (1) Boerman failed to provide notice of the suit during the appropriate policy period and (2) Boerman failed to satisfy the conditions necessary to trigger coverage under his policy.

## II.

We review *de novo* a district court's grant of summary judgment. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Material facts are those facts defined by the substantive law and that are necessary to apply it. *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). While a court must draw all inferences in a light most favorable to the non-moving party, it may grant summary judgment if the record, taken as a whole, could not lead a rational trier of fact to find for that party. *Matusushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Boerman argues that the district court erred when it granted summary judgment in favor of American Empire because a question of a fact exists as to whether a special relationship arose between Boerman and his insurance agent sufficient to bind American Empire to the representations of that agent. Specifically, Boerman contends that because he had a special relationship with his insurance agent Phil Siegler and that Siegler represented to him that the American Empire claims-made pollution liability policy provided continuous coverage without the purchase of an extended discovery rider so long as the policy was continuously renewed, American Empire is bound to provide such coverage regardless of the policy's express terms.

Under Michigan law, an insurance agent whose principal is an insurance company has no duty to advise a potential insured about coverage limits, except in cases where a special relationship arises between the agent and the insured. *Harts v. Farmer's Ins. Exchange,* 461 Mich. 1, 597 N.W.2d 47, 50–51 (Mich.1999). A special relationship may arise and trigger a duty

to advise when "(1) the agent misrepresents the nature and extent of the coverage offered or provided; (2) an ambiguous request is made that requires clarification; (3) an inquiry is made that may require advice and the agent gives advice that is inaccurate; and, (4) the agent assumes an additional duty by express agreement with or promise to the insured." *Id.* at 52. *Harts*, therefore, provides a basis for holding an insurance company liable for its own agent's breach of the duty to advise but not a breach on the part of an independent insurance agent.

Boerman's special relationship argument fails because he cannot establish that Phil Siegler is an agent of American Empire. An independent insurance agent is ordinarily an agent of the insured, not the insurer. *Mate v. Wolverine Mutual Ins. Co.*, 233 Mich.App. 14, 592 N.W.2d 379, 382 (Mich.App.1998) (citing *Harwood v. Auto–Owners Ins. Co.*, 211 Mich.App. 249, 535 N.W.2d 207, 209 (Mich.App.1995); *Mayer v. Auto–Owners Ins. Co.*, 127 Mich.App. 23, 338 N.W.2d 407, 409 (Mich.App.1983)).[1] An insurance agent's testimony that he or she is independent and has the power to place insurance orders with a number of insurance companies is generally sufficient to establish that the agent is the agent of the insured rather than the insurer. *Id.* In his deposition testimony, Phil Siegler acknowledged that he was capable of placing insurance orders at a variety of insurance companies that his company did not represent directly. He further asserted that he is an independent agent in respect to American Empire. As a matter of law, Siegler's testimony is sufficient to establish that Siegler is an agent of Boerman, not American Empire. Because Boerman cannot establish that Siegler is an agent of American Empire, he is unable to raise a genuine issue of material fact sufficient to withstand summary judgment as to whether a special relationship existed between Siegler and himself sufficient to justify bind American Empire to any insurance coverage representations made by Siegler.

## III.

For the foregoing reasons, the decision of the district court is AFFIRMED.

---

1. Boerman cites *Stein, Hinkle, Dawe & Associates, Inc. v. Continental Insurance Co.*, 110 Mich.App. 410, 313 N.W.2d 299, 302–03 (Mich.App.1981), for the proposition that an insurance company may be liable for an agent's failure to inform insureds about the consequences of a cancelling a malpractice policy and about the existence of a prior acts endorsement necessary to protect the insureds from "all liabilities" after they resumed the malpractice insurance because a special relationship existed between the insureds and the insurance agency. This case is helpful to the Appellant only if the insurance agent at issue in *Dawe & Associates* was an independent agent, whose principal was the insured rather than the insurer. Unfortunately, the court's opinion indicates otherwise–"The evidence ... established that [insurance agent] Mourer–Foster was an agent of the defendant [Continental Insurance]." *Id.* Thus, the *Dawes & Associates* holding confirms that for an insurance company to be held liable because a special relationship has arisen between one of its agents and an insured, the agent at issue must be an agent of the insurer, not the insured.