# STATE OF MICHIGAN

# COURT OF APPEALS

MARY FREE BED REHABILITATION
HOSPITAL, BRONSON HEALTH CARE
GROUP, INC., and YU JU CHEN,

UNPUBLISHED
December 22, 2015

Plaintiffs-Appellees,

v

No. 321328
Kent Circuit Court
LC No. 13-002433-NF

FARMERS INSURANCE GROUP OF
COMPANIES, a/k/a FARMERS GROUP, INC.,
and MID-CENTURY INSURANCE COMPANY,

Defendants,

and

ILLINOIS FARMERS INSURANCE COMPANY,

Defendant-Appellant.

Before: MARKEY, P.J., and MURPHY and STEPHENS, JJ.

MURPHY, J. (*concurring*).

Although I agree with the majority that the proper resolution of this appeal is to affirm the trial court's ruling, I would analyze the case differently. Accordingly, I respectfully concur, setting forth my approach to the issues presented.

For purposes of their competing motions for summary disposition, the parties stipulated to the following facts:

1. On March 19, 2012, Plaintiff Yu Ju Chen ("Ms. Chen") was injured in a car accident in Battle Creek, Michigan, and is now a paraplegic.

2. In the March 19, 2012 accident, Ms. Chen was a passenger in a rental vehicle.

3. On that date, Ms. Chen was an Illinois resident, was not licensed to drive, did not own a motor vehicle, did not have a no-fault-motor-vehicle

-1-

insurance policy, did not have a spouse, and was not a resident relative or a family member of someone who has a no-fault-motor-vehicle insurance policy.

4. Jason Liao was the driver of the rental vehicle and, on March 19, 2012, was an Illinois resident.

5. The rental vehicle was rented to Jason Liao in Illinois.

6. The rental vehicle was registered in Nebraska and was not required to be registered in Michigan.

7. The rental vehicle was owned by The Hertz Corporation.

8. The Hertz Corporation, on March 19, 2012, was self-insured and was not an admitted or non-admitted Michigan insurer.

9. On March 19, 2012, Jason Liao was the son and resident relative of husband and wife (respectively), Hui Ming Liao and Yanbing Liao, who were residents of Illinois on that date.

10. Hui Ming Liao and Yanbing Liao purchased a policy of insurance from Defendant Illinois Farmers Insurance Company ("Illinois Farmers"), which was in effect on March 19, 2012.

11. A true and accurate copy of that Illinois Farmers' policy, number 0 191066385, is attached . . . .

12. On March 19, 2012, Ms. Chen was not a family member of Hui Ming Liao, Yanbing Liao, or of Jason Liao, and was not a resident relative of Hui Ming Liao, Yanbing Liao, or of Jason Liao.

Ms. Chen, joined by Mary Free Bed Rehabilitation Hospital and Bronson Health Care Group, both of which provided medical care and treatment for Ms. Chen's significant injuries, filed suit against Illinois Farmers, seeking the payment of personal protection insurance benefits (commonly referred to as "PIP benefits") under the no-fault act, MCL 500.3101 *et seq.* Eventually, the trial court denied Illinois Farmer's motion for summary disposition, wherein Illinois Farmers had argued that MCL 500.3113(c) barred Ms. Chen's recovery of PIP benefits, while partially granting plaintiffs' motion for summary disposition, wherein plaintiffs had maintained that MCL 500.3163 required a full award of PIP benefits. The trial court awarded plaintiffs PIP benefits, but capped the judgment at $500,000, plus penalty interest.

I shall begin my analysis with MCL 500.3163, which provides, in pertinent part, as follows:

(1) An insurer authorized to transact automobile liability insurance and personal and property protection insurance in this state shall file and maintain a written certification that any accidental bodily injury or property damage

-2-

occurring in this state arising from the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle by an out-of-state resident who is insured under its automobile liability insurance policies, is subject to the personal and property protection insurance system under this act.

. . .

(3) Except as otherwise provided in subsection (4),[1] if a certification filed under subsection (1) . . . applies to accidental bodily injury or property damage, the insurer and its insureds with respect to that injury or damage have the rights and immunities under this act for personal and property protection insureds, and claimants have the rights and benefits of personal and property protection insurance claimants, including the right to receive benefits from the electing insurer as if it were an insurer of personal and property protection insurance applicable to the accidental bodily injury or property damage.

In this case, there is no dispute that Illinois Farmers filed the § 3163 certificate, thereby subjecting itself to, and availing itself of, our no-fault system, as gleaned from the plain language in MCL 500.3163. *Tevis v Amex Assurance Co*, 283 Mich App 76, 83; 770 NW2d 16 (2009). As reflected in subsection (3) of § 3163, insureds *and* "claimants" enjoy the rights of PIP-benefit claimants, encompassing the right to receive PIP benefits from a certified insurer as if it were an insurer of personal protection insurance applicable to the injury. The *Tevis* panel explained:

There is no language [in § 3163] limiting an out-of-state insurer's liability only to situations where the accidental bodily injury is sustained by its insured, nor is there any restriction on the application of the no-fault act. Instead, the . . . language unequivocally subjects the out-of-state insurer to the *entire* Michigan personal and property insurance system when *any* accidental bodily injury arising from an out-of-state insured's ownership or use of a motor vehicle occurs.

MCL 500.3163(3) also explicitly provides that if the certification applies to accidental bodily injury or property damage, not only do the insurer and its insureds have the rights and immunities under the no-fault act for personal and property protection, *claimants* have the rights and benefits of personal and property protection insurance claimants, "including the right to receive benefits from the electing insurer as if it were an insurer of personal and property protection insurance applicable to the accidental bodily injury or property damage." By including such language, the Legislature clearly contemplated that persons other than an out-of-state insurer's insureds may have a right to recover benefits from the out-of state insurer.

---

[1] Subsection (4) of § 3163 places a $500,000 cap on an insurer's liability, and the trial court applied the cap here. Plaintiffs have not challenged that ruling on appeal.

Accordingly, it must initially be determined whether Ms. Chen, as a claimant of PIP benefits from Illinois Farmers, would indeed be entitled to PIP benefits under the no-fault act. In *Amerisure Ins Co v Auto-Owners Ins Co*, 262 Mich App 10, 15; 684 NW2d 391 (2004), this Court observed:

> MCL 500.3114(4) provides that a person who suffers bodily injury while the occupant of a motor vehicle and who has no available insurance policy of his own or in his family shall claim PIP benefits from "[t]he insurer of the owner or registrant of the vehicle occupied" or "[t]he insurer of the operator of the vehicle occupied." MCL 500.3114(4)(a) and (b).

There is no dispute that Ms. Chen had no available insurance policy of her own or through her family, and the parties agree that The Hertz Corporation, which owned the vehicle and was self-insured, had no legal obligation to pay PIP benefits to or on behalf of Ms. Chen. The question then becomes whether Illinois Farmers was "[t]he insurer of the operator of the vehicle occupied." MCL 500.3114(4)(b).[2] The operator of the vehicle involved in the accident was Jason Liao, and he was, on the date of the accident, a resident relative of his parents, who had in place a policy of automobile insurance with Illinois Farmers. Jason's parents were the named insureds relative to the policy. While Illinois Farmers spends considerable time arguing why Ms. Chen is not an "insured" under the language in its insurance policy, Illinois Farmers only offhandedly asserts that Jason was "only a rated driver under the subject policy." I conclude that Jason was an "insured" under the policy. Assuming for the sake of argument that Jason did not qualify as an insured under the various definitions in the insurance policy, he was nonetheless an insured under the policy by operation of Michigan law pursuant to MCL 500.3114(1), given his status as a resident relative.[3] See *Grange Ins Co of Mich v Lawrence*, 494 Mich 475, 490; 835 NW2d 363 (2013); *Cvengros v Farm Bureau Ins*, 216 Mich App 261, 264; 548 NW2d 698 (1996) ("Subsection 3114[1] of the no-fault act defines the class of persons entitled to PIP benefits for accidental bodily injury[.]"). As Illinois Farmers is subject to the entire Michigan no-fault act and system given the § 3163 certification election, it is proper to treat Jason as an "insured" under the policy, making Illinois Farmers his insurer for purposes of MCL 500.3114(4)(b) (insurer of the operator). Accordingly, and without yet taking MCL 500.3113(c) into consideration, Ms. Chen, who suffered an accidental bodily injury arising out of a motor vehicle accident while an occupant of a motor vehicle, was entitled to PIP benefits under

---

[2] As our Supreme Court has recognized, MCL 500.3114 operates as both a priority *and* an entitlement provision. *Belcher v Aetna Cas & Surety Co*, 409 Mich 231, 251-252; 293 NW2d 594 (1980). This principle entirely undermines Illinois Farmer's argument that MCL 500.3114 is merely a priority statute and should thus not be considered in determining whether Ms. Chen is entitled to PIP benefits.

[3] MCL 500.3114(1) provides, in part, that "a personal protection insurance policy described in section 3101(1) applies to accidental bodily injury to the person named in the policy, the person's spouse, and *a relative of either domiciled in the same household*, if the injury arises from a motor vehicle accident." (Emphasis added.)

MCL 500.3114(4). And therefore, in the context of MCL 500.3163(3), Ms. Chen was a "claimant" entitled to PIP benefits from Illinois Farmers.

Illinois Farmers, however, argues that MCL 500.3113(c) bars plaintiffs' recovery of PIP benefits. At the time of the accident and the litigation below, MCL 500.3113(c) provided:

> A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:
>
> . . .
>
> (c) The person was not a resident of this state, was an occupant of a motor vehicle or motorcycle not registered in this state, and was not insured by an insurer which has filed a certification in compliance with [MCL 500.3163]. [4]

Initially, I do agree with Illinois Farmers that, should MCL 500.3113(c) preclude an award of PIP benefits, Illinois Farmers is entitled to the protection of the statutory bar, considering that a certifying insurer under MCL 500.3163 is allowed to avail itself of the Michigan no-fault system. *Tevis*, 283 Mich App at 83. There is no dispute that Ms. Chen, at the time of the accident, was not a Michigan resident and that she was an occupant of a motor vehicle that was not registered in Michigan, thereby satisfying the first two conditions of MCL 500.3113(c). With respect to the third condition of MCL 500.3113(c) (person was not insured by an insurer certified in compliance with § 3163), Illinois Farmers maintains that, although Illinois Farmers previously filed a certification in compliance with MCL 500.3163, Ms. Chen was simply not insured by Illinois Farmers. Thus, according to Illinois Farmers, Ms. Chen was barred from recovering PIP benefits under MCL 500.3113(c), which also effectively precluded the plaintiff medical providers from obtaining payment from Illinois Farmers for their services.

It does appear that Ms. Chen does not fall within any of the applicable contractual definitions that would effectively make her an insured under the automobile insurance policy issued by Illinois Farmers. However, MCL 500.3163(3) specifically provides that "claimants have the rights and benefits of personal and property protection insurance claimants, including

---

[4] Pursuant to 2014 PA 489, which became effective January 13, 2015, subsection (c) of § 3113 was amended to preclude PIP benefits being awarded to a person when "[t]he person was not a resident of this state, was an occupant of a motor vehicle or motorcycle not registered in this state, and *the motor vehicle or motorcycle* was not insured by an insurer *that* has filed a certification in compliance with [MCL 500.3163]." (Emphasis added, identifying added or modified language.) "The general rule is that an amended statute is given prospective application unless the Legislature expressly or impliedly identifies its intention to give the statute retrospective effect." *GMAC LLC v Dep't of Treasury*, 286 Mich App 365, 377; 781 NW2d 310 (2009). In my view, the Legislature did not expressly or impliedly identify an intention to give the amendment of MCL 500.3113(c) retrospective effect; therefore, the pre-amendment version of subsection (c) governs.

the right to receive benefits from the electing insurer *as if it were an insurer of personal and property protection insurance applicable to the accidental bodily injury* or property damage." (Emphasis added.) Accordingly, and once again by operation of Michigan law, § 3163(3) essentially dictates that we treat Illinois Farmers as if it were Ms. Chen's insurer for all intents and purposes. That being the case, in relationship and contrary to the third condition found in MCL 500.3113(c), Ms. Chen *was* insured by an insurer which had filed a certification in compliance with MCL 500.3163, i.e., Illinois Farmers. Therefore, the third condition of § 3113(c) having not been satisfied, the PIP-benefit bar of § 3113(c) did not preclude an award of PIP benefits to plaintiffs. My analysis is fairly consistent with the trial court's reasoning, and I would affirm the trial court's ruling.

I respectfully concur.


/s/ William B. Murphy