*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

AMEEN AL-GAHMI,

　　　　　Plaintiff-Appellee,

v

SADIK AL-JAHMI, MICHIGAN AUTOMOBILE
INSURANCE PLACEMENT FACILITY, and
GREAT AMERICAN ASSURANCE COMPANY
also known as GREAT AMERICAN INSURANCE
COMPANY,

　　　　　Defendants,

and

AMERISURE MUTUAL INSURANCE
COMPANY,

　　　　　Defendant-Appellant.

UNPUBLISHED
September 14, 2023

No. 361932
Wayne Circuit Court
LC No. 21-008780-NI

AMEEN AL-GAHMI,

　　　　　Plaintiff-Appellee,

v

SADIK AL-JAHMI, MICHIGAN AUTOMOBILE
INSURANCE PLACEMENT FACILITY, and
AMERISURE MUTUAL INSURANCE
COMPANY,

　　　　　Defendants,

and

No. 361934
Wayne Circuit Court
LC No. 21-008780-NI

GREAT AMERICAN ASSURANCE COMPANY
also known as GREAT AMERICAN INSURANCE
COMPANY,

          Defendant-Appellant.

_____

Before: GLEICHER, C.J., and JANSEN and RICK, JJ.

PER CURIAM.

Ameen Al-Gahmi was injured in an out-of-state trucking accident while a passenger in a truck he owned but had leased to another company. He filed suit against the driver, Sadik Al-Jahmi, as well as against the insurance companies that provided the truck's bobtail policy and the lessee's commercial policy. Coverage was not available under Michigan's no-fault act or the insurance policies and the circuit court erred in denying the insurers' motions for summary disposition. We reverse and remand for entry of orders dismissing the claims against the insurers.

## I. BACKGROUND

Plaintiff Ameen[1] is the registered agent of Al Freed Transportation, LLC. Al Freed owns a Volvo truck. Ameen purchased a "Non-trucking Liability and Physical Damage," or "bobtail," policy for the Volvo through Great American Assurance Company. Ameen leased the Volvo truck to Transport Systems, LLC, and drove it as an independent contractor for that company. Transport Systems had a general commercial auto policy through Amerisure Mutual Insurance Company, but did not list this Volvo truck or Ameen as covered under the policy.

In February 2021, Ameen was using the Volvo truck to haul freight from California to Kentucky on Transport Systems' behalf. When the accident occurred, the truck was in Arkansas and Sadik was driving. Ameen brought negligence and tort claims against Sadik. He also filed suit against Amerisure and Great American, seeking personal protection insurance (PIP) and uninsured/underinsured motorist (UM/UIM) benefits.[2]

Both insurers sought summary disposition. Amerisure contended that neither the Volvo nor Ameen was listed on Transport Systems' commercial auto policy. Further, Ameen was not a spouse or resident relative of a named insured. Therefore, MCL 500.3111 precluded recovery of PIP benefits arising from the out-of-state accident. Great American cited a business-use exclusion in the bobtail policy precluding Ameen from recovering PIP or UM/UIM benefits. The circuit court denied the motions without a hearing and without explanation.

_____

[1] Given the similarity of the parties' last names, we use their first names in this opinion to avoid any confusion.

[2] Ameen also raised claims against the Michigan Automobile Insurance Placement Facility, but stipulated to their dismissal from the action.

We granted Amerisure's and Great American's interlocutory applications for leave to appeal and consolidated the actions. *Al-Gahmi v Al-Jahmi*, unpublished order of the Court of Appeals, entered November 7, 2022 (Docket Nos. 361932 and 361934).

## II. ANALYSIS

Amerisure argues that the circuit court erred by denying its motion for summary disposition because Ameen was barred from receiving PIP benefits under MCL 500.3111. Great American contends the circuit court erred by denying its motion because Ameen was barred from receiving PIP or UM/UIM benefits under its policy's business-use exclusion.

The circuit court did not indicate under which subrule it denied summary disposition. As the parties had presented documentary evidence beyond the pleadings, we consider the motions as denied under MCR 2.116(C)(10). *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270; 826 NW2d 519 (2012).

> We review a trial court's decision on a motion for summary disposition de novo. . . . A motion under MCR 2.116(C)(10) tests the factual support of a plaintiff's claim. Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. In reviewing a motion under MCR 2.116(C)(10), this Court considers the pleadings, admissions, affidavits, and other relevant documentary evidence of record in the light most favorable to the nonmoving party to determine whether any genuine issue of material fact exists to warrant a trial. A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ. [*Zaher v Miotke*, 300 Mich App 132, 139-140; 832 NW2d 266 (2013) (quotation marks and citations omitted).]

We also review de novo underlying issues of statutory and contract interpretation. *Spectrum Health Hosps v Farm Bureau Mut Ins Co of Mich*, 492 Mich 503, 515; 821 NW2d 117 (2012); *Lueck v Lueck*, 328 Mich App 399, 404; 937 NW2d 729 (2019).

### A. DOCKET NO. 361932

Transport Systems' Amerisure policy did not list the Volvo truck as a covered auto or Ameen as a named insured. Ameen contended that he was entitled to coverage anyway as the policy included numerous PIP endorsements which prevailed over any conflicting policy provisions, because Transport Systems constructively owned the Volvo, and because the policy covered leased vehicles. Accordingly, Ameen insisted that Amerisure was the top priority insurer under MCL 500.3114.

MCL 500.3111 governs the provision of PIP benefits for accidents that occur out of state:

> [PIP] benefits are payable for accidental bodily injury suffered in an accident occurring out of this state, if the accident occurs within the United States, its territories and possessions, or Canada, and the person whose injury is the basis of the claim was at the time of the accident a named insured under a [PIP] policy, the

spouse of a named insured, a relative of either domiciled in the same household, or an occupant of a vehicle involved in the accident, if the occupant was a resident of this state or if the owner or registrant of the vehicle was insured under a [PIP] policy or provided security approved by the secretary of state under [MCL 500.3101(5).]

The general rule "that statutory coverage under the no-fault act[, MCL 500.3101 *et seq.*,] does not depend on whether a person is a 'named insured' in a no-fault policy[,]" *Dye by Siporin & Associates, Inc v Esurance Property & Casualty Ins Co*, 504 Mich 167, 190 n 60; 934 NW2d 674 (2019), does not apply when an accident occurs outside of Michigan under MCL 500.3111. "Under those circumstances, coverage is predicated on whether 'the person whose injury is the basis of the claim was at the time of the accident a named insured under a [PIP] policy . . . .' " *Dye*, 504 Mich 167 n 60, quoting MCL 500.3111. Therefore, MCL 500.3111 requires "the *vehicle* involved in the accident to be insured under a PIP policy before an insurer may become obligated to honor a claim for PIP benefits." *Harwood v Auto-Owners Ins Co*, 211 Mich App 249, 252; 535 NW2d 207 (1995).

The subject accident occurred in Arkansas, necessarily implicating MCL 500.3111. It is undisputed that Ameen was not a named insured or a spouse or resident relative of a named insured on Amerisure's policy, nor was the Volvo listed in the policy. As such, Ameen was ineligible for PIP benefits under Amerisure's policy. Whether Transport Systems constructively owned the Volvo is irrelevant as it was not identified as a covered vehicle.

## B. DOCKET NO. 361934

Coverage also was not available under the Great American bobtail policy. Our goal in interpreting insurance policies is to determine the intent of the parties based on the plain and unambiguous language of the policy. *Kendzierski v Macomb County*, 503 Mich 296, 311; 931 NW2d 604 (2019).

Great American's policy plainly and unambiguously precluded coverage for "[b]odily injury or property damage arising out of any accident which occurs while the covered auto is being *used in the business of any lessee* or . . . is being *used to transport cargo* of any type." (Emphasis added.) It is undisputed that Ameen was using the Volvo in the business of a lessee and to transport cargo at the time of the accident. Ameen has never argued in avoidance of this exclusion.

Instead, Ameen contends that this business-use exclusion is unenforceable because it is contrary to the purpose of the no-fault act. However, MCL 500.2118(2)(f), "specifically permits insurers to limit insurance coverage on the basis of business use." *Husted v Dobbs*, 459 Mich 500, 506; 591 NW2d 642 (1999). Ameen suggests that Great American could not issue a bobtail policy that left him without PIP coverage. But this Court has held that "the practice of selling only bobtail insurance [is] not against the law." *Johnson v USA Underwriters*, 328 Mich App 223, 245; 936 NW2d 834 (2019). "MCL 500.3101(1) puts the onus on the insured to obtain the coverages necessary to meet the requirements of the no-fault act." *Johnson*, 328 Mich at 246. Insurers do not have a similar duty to ensure that their insureds have secured all required insurance. "To do so would require insurers to verify that every insured who has purchased policies from more than one carrier has procured all the insurance needed to satisfy the no-fault act." *Id.* Accordingly, it was Ameen's responsibility, not Great American's, to ensure that he was properly covered for all

situations, including those not covered by Great American's bobtail policy. Ameen failed to do so, and cannot now contend that Great American's policy exclusion is against public policy or the purpose of the no-fault act.

Ameen also sought UM/UIM coverage from Great American. Ameen did not respond to Great American's motion for summary disposition of this claim and has not addressed it on appeal. In any event, the circuit court also erred in denying Great American's summary disposition motion on this ground. This type of coverage is completely optional and not governed by the no-fault act. *Rory v Continental Ins Co*, 473 Mich 457, 465; 703 NW2d 23 (2005). We are guided by the contract language alone. *Id.* at 465-466.

Great American's policy applies the business-use exclusion to UM/UIM benefits, stating: "Each and every exclusion which appears in Part II, Liability Coverage for Non-Trucking Use shall apply to any Uninsured/Underinsured Motorist Coverage . . . ." Again, it is undisputed that Ameen was using the Volvo in the business of a lessee and to haul cargo. Therefore, he was not entitled to UM/UIM coverage.

We reverse the circuit court's orders denying Amerisure's and Great American's motions for summary disposition, and remand for entry of orders dismissing the claims against them. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Michelle M. Rick