*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NAJLA SHAREEF,

      Plaintiff-Appellant,

v

DEUTSCHE BANK NATIONAL TRUST COMPANY,

      Defendant-Appellee,

and

DAVID BYE,

      Defendant.

UNPUBLISHED
May 23, 2019

No. 341015
Wayne Circuit Court
LC No. 17-008567-CH

Before: REDFORD, P.J., and MARKEY and K. F. KELLY, JJ.

PER CURIAM.

In this action for wrongful eviction and to quiet title, plaintiff appeals as of right the trial court's order dismissing plaintiff's complaint against defendants. We affirm.

## I. BACKGROUND

This case arose after a mortgage foreclosure by defendant Deutsche Bank National Trust Company (Deutsche Bank) on a property in Detroit that resulted in Deutsche Bank's acquisition of title to the property under a sheriff's deed recorded on November 11, 2015. Plaintiff lived in the house on the property during 2015 and allegedly agreed to purchase the property under an unrecorded land contract entered during May 2015 between herself and Otis Williams who allegedly obtained an interest from Joseph and Tracy Jones who granted a mortgage on the property related to a loan from Deutsche Bank's predecessor in interest, the mortgage that Deutsche Bank foreclosed that resulted in Deutsche Bank's ownership of the property. Defendant David Bye evicted plaintiff from the house during 2016.

-1-

In August 2016, Bye brought a quiet title action against Deutsche Bank and the person who leased the property to him with an option to buy during June 2016. Plaintiff sought to intervene in that case to sue Bye for wrongful eviction. At a hearing held by the trial court in Bye's case on December 2, 2016, the trial court asked who had title to the property as evidenced in the Wayne County Register of Deeds. Plaintiff's counsel responded that "the house is properly titled to Deutsche Bank[.]" Deutsche Bank's counsel responded that Deutsche Bank acquired the property during October 2015 after foreclosing and obtained a judgment of possession with plaintiff's consent and an order of eviction on August 13, 2016. Plaintiff affirmed that she had no dispute with Deutsche Bank but only sought to intervene to state a claim against Bye for wrongful eviction. Bye opposed plaintiff's motion to intervene on the ground that plaintiff's unrecorded and nonnotarized land contract failed to give her an interest in the property.

The court denied plaintiff's motion to intervene because she did not have any legal interest in the property. The trial court found that Deutsche Bank owned the property. Plaintiff sought clarification regarding the trial court's ruling:

> [*Plaintiff's counsel*]: And Your Honor, just for clarification purposes, this court is denying the motion to intervene, but with respect to my client's ability to file a separate complaint against David Bye, this Court has not ruled on that matter whatsoever.
>
> [*The court*]: Absolutely correct.
>
> * * *
>
> I'm denying your motion to intervene period, and that's all.

The court entered an order denying plaintiff's motion to intervene. Plaintiff did not appeal the court's denial of her motion to intervene.

On June 9, 2017, plaintiff sued for wrongful eviction, quantum meruit, and to quiet title to the property. She alleged that Bye illegally evicted her by locking her out and did not let her retrieve her property. She alleged that she had a superior interest than Bye in the property because she claimed an interest under a land contract that she executed before Bye obtained the lease under which he claimed an interest in the property. In her count for quiet title, plaintiff collaterally attacked Deutsche Bank's foreclosure by alleging that it failed to comply with the statutory requirements for foreclosure by not properly posting required foreclosure notices. Plaintiff requested that title to the property be quieted in her favor and that she be awarded full title in fee simple after she became the successful bidder at a sheriff's sale or redeemed the property. Plaintiff also sought recovery in quantum meruit because, if the court quieted title in her she would be entitled to be reimbursed the cost of making the house habitable, or alternatively, if the court found that title to the property rested in either Bye or Deutsche Bank, they would be unjustly enriched by the improvements that plaintiff made to the property.

On June 12, 2017, plaintiff filed two emergency ex parte motions, one for a preliminary injunction and another for an order to show cause. Plaintiff asserted that a preliminary injunction should be entered to maintain the status quo until the parties claiming interests in the property

have an opportunity to present evidence to establish in whom title rested. In her motion to show cause, plaintiff requested that the trial court order Deutsche Bank and Bye to appear and show cause why her rights to the property should be cut off without her having an opportunity to show why she had entitlement to the property. On June 16, 2017, the trial court held a hearing on plaintiff's motions. The hearing coincided with a hearing on Deutsche Bank's motion for summary disposition in Bye's lawsuit against Deutsche Bank. The trial court addressed Deutsche Bank's motion first. Deutsche Bank contended that no one other than Deutsche Bank had a recorded, cognizable interest in the property, and it supported its ownership interest claim by presenting the assignment of the mortgage to Deutsche Bank and the sheriff's deed that granted it title after foreclosure. Bye neither opposed Deutsche Bank's motion nor appeared at the hearing. The trial court noted on the record that Deutsche Bank's mortgage was executed on April 28, 2005, and recorded on August 9, 2005; and it foreclosed and obtained a sheriff's deed that it recorded on November 11, 2015. The trial court held that no genuine issue of material fact existed regarding Deutsche Bank's superior title to the property because Deutsche Bank held a valid deed to the property and neither plaintiff nor the person who leased the property to Bye had any recorded interest in the property. Accordingly, the trial court quieted title to the property in Deutsche Bank.

The trial court then turned to plaintiff's motions in this case. Plaintiff contended that "this [was] a different case[]" than plaintiff's prior attempt to intervene because her complaint named both Deutsche Bank and Bye as defendants, rather than just Bye. She also contended that the circuit judge who presided over her motion to intervene stated on the record that plaintiff could file a complaint and gave her the right to do so. The trial court opined that plaintiff attempted to intervene in Bye's case and was denied but neither moved for reconsideration nor appealed that decision. The trial court, however, explained further that plaintiff sought a preliminary injunction to sort out who had an interest in the property but no question existed regarding who owned the property. The trial court stated that the ownership interest had been settled in Bye's case. The trial court opined that plaintiff had no right to the property, and therefore, had no right to a preliminary injunction. The trial court stated that plaintiff's lawsuit was frivolous because, under the facts and the law, she had "absolutely no legal basis in which she can honestly in good conscience claim that she has any right to this property."

The trial court entered an order denying plaintiff's motions. The trial court's order also dismissed her complaint because the denial of her motion to intervene in Bye's action barred her from filing her complaint in this action. The trial court's order expressed its reasoning that plaintiff should have appealed the denial of her motion to intervene if she disagreed with the court's ruling in Bye's case.

On July 19, 2017, plaintiff moved for reconsideration on the grounds that the trial court erred in dismissing her complaint because she sought to intervene in Bye's case related to his alleged wrongful eviction, whereas, her complaint in this case stated claims against both Bye and Deutsche Bank for illegal eviction and to quiet title. Plaintiff contended that she should not be penalized for relying upon the judge's statement in Bye's case that she could file a complaint against Bye. The trial court declined to reconsider its ruling because plaintiff failed to demonstrate a palpable error and had presented instead the same issues and facts on which the court had already ruled. This appeal followed.

## II. STANDARD OF REVIEW

This Court will not reverse a trial court's finding that a claim is frivolous unless clearly erroneous. *Cvengros v Farm Bureau Ins*, 216 Mich App 261, 266; 548 NW2d 698 (1996). "A claim is frivolous when (1) the party's primary purpose was to harass, embarrass, or injure the prevailing party, or (2) the party had no reasonable basis upon which the underlying facts were true, or (3) the party's position was devoid of arguable legal merit." *Id*. at 266-267 (citing MCL 600.2591(3)(a)).

## III. ANALYSIS

Plaintiff contends that the trial court in her case overruled the trial court's decision in the Bye case because the presiding judge in denying her motion to intervene ruled that plaintiff could pursue a separate action. We disagree.

Two fundamental principles guide us in deciding this case. First, courts speak through their orders, not their oral statements. *Tiedman v Tiedman*, 400 Mich 571, 576; 255 NW2d 632 (1977). Second, "[t]here is no requirement that a circuit judge follow the decision of another." *Johnson v Johnson*, 276 Mich App 1, 12 n 2; 739 NW2d 877 (2007).

In the Bye case, when plaintiff's counsel asked the trial court to clarify whether it ruled on plaintiff's ability to file a complaint against Bye, the court affirmed that it had not done so. The record reflects that the trial court did not rule that plaintiff had a viable claim against any party nor did it authorize plaintiff to bring a separate suit. The trial court simply denied her motion to intervene because she lacked an interest in the property, conceded that Deutsche Bank had title to the property, and it declined to rule beyond the scope of the motion before it. Therefore, plaintiff's sole claim of error fails.

Further, the evidence presented by Deutsche Bank in support of its motion for summary disposition in the Bye case established unequivocally Deutsche Bank's superior right to the property as against all others. Analysis of plaintiff's claims in light of the trial court's decision to quiet title to the property in Deutsche Bank, effectively established that plaintiff's claims, which were premised on her contention that she had superior title to the property, failed as a matter of law because she had no interest in the property. Therefore, the facts and the law establish that plaintiff lacked a viable quiet title claim when she filed suit in June 2017. Accordingly, the trial court did not clearly err by dismissing plaintiff's complaint.

Next, in examining plaintiff's wrongful eviction claim, it is clear that plaintiff had no legal basis for asserting that claim. To establish a prima facie case of wrongful eviction, a plaintiff must show that a wrongful act occurred, that the act was committed by the landlord or someone acting with the landlord's permission, and that the act interfered with the plaintiff's beneficial enjoyment or use of the property. *Lawrence v Rapaport*, 213 Mich 358, 361-362; 181 NW 1011 (1921). In this case, plaintiff cannot demonstrate that Bye, as plaintiff's landlord or as someone holding a greater interest in the property than her, committed an act that interfered with her enjoyment or use of the property. The alleged eviction happened in 2016; however, Deutsche Bank acquired and recorded its title to the property in 2015. Bye had no interest in the property, was not plaintiff's landlord when he allegedly evicted her, and he did not act on

Deutsche Bank's behalf. Consequently, plaintiff's wrongful eviction claim lacked merit as a matter of law. Moreover, the record reflects that after foreclosing, Deutsche Bank obtained a judgment of possession with plaintiff's consent on July 28, 2016, and an order of eviction on August 13, 2016. Therefore, the facts and the law establish that plaintiff lacked a viable wrongful eviction claim when she filed suit in June 2017. Accordingly, the trial court did not clearly err by dismissing plaintiff's complaint.

Plaintiff's unjust enrichment claim also fails. "A claim of unjust enrichment requires the complaining party to establish (1) the receipt of a benefit by the other party from the complaining party and (2) an inequity resulting to the complaining party because of the retention of the benefit by the other party." *Karaus v Bank of New York Mellon*, 300 Mich App 9, 22-23; 831 NW2d 897 (2012). "Not all enrichment is unjust in nature, and the key to determining whether enrichment is unjust is determining whether a party unjustly received and retained an independent benefit." *Id*. at 23 (citation omitted). "One is not unjustly enriched by retaining benefits involuntarily acquired which law and equity give him absolutely without any obligation on his part to make restitution." *Id*. (citation omitted).

In support of her claim for unjust enrichment, plaintiff submitted three receipts: one for home security services, one for plumbing services, and one for utility expenses she incurred while she lived on the property. The invoices establish that plaintiff's expenditures were for temporary household services during her residency and were not improvements to the property. The evidence plaintiff submitted to the trial court for her claim did not support her allegation that she conveyed a benefit upon Deutsche Bank. Thus, plaintiff's claim for unjust enrichment also lacked merit. Accordingly, the trial court did not clearly err by dismissing plaintiff's complaint.

Affirmed.

/s/ James Robert Redford
/s/ Jane E. Markey
/s/ Kirsten Frank Kelly