*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

LIMA TOWNSHIP,

      Plaintiff-Appellant,

v

PAMELA BATESON, as personal representative
of the ESTATE OF ERNEST K. BATESON, and
individually, a/k/a PAMELA E. GOUGH-
BAHASH,

      Defendant-Appellee.

UNPUBLISHED
December 19, 2019

No. 344007
Washtenaw Circuit Court
LC No. 10-000368-CZ

---

LIMA TOWNSHIP,

      Plaintiff-Appellee,

v

PAMELA BATESON, as personal representative
of the ESTATE OF ERNEST K. BATESON, and
individually, a/k/a PAMELA E. GOUGH-
BAHASH,

      Defendant-Appellant.

No. 345835
Washtenaw Circuit Court
LC No. 10-000368-CZ

---

Before: LETICA, P.J., and GADOLA and CAMERON, JJ.

PER CURIAM.

-1-

In these consolidated appeals,[1] plaintiff Lima Township (the Township) appeals as of right the order of the trial court awarding the Township costs and fees. Defendant Pamela Bateson a/k/a Pamela E. Gough-Bahash, individually and as personal representative of the Estate of Ernest K. Bateson (the Batesons),[2] appeals upon delayed leave granted[3] the order of the trial court finding that the Batesons asserted a frivolous defense. We affirm the order of the trial court finding the Batesons' defense frivolous and remand to the trial court for imposition of reasonable costs and attorney fees.

## I. FACTS

These appeals involve costs and attorney fees incurred by the Township while prosecuting this action against the Batesons. By way of background, in 2009 Pamela Bateson purchased 30 acres in Lima Township at 8786 West Liberty Road. The property was zoned AG-1 (agricultural) under the Lima Township Zoning Ordinance. The Township thereafter initiated this action in the trial court alleging that the Batesons were operating a commercial contractor's business or storage yard on the property, uses not permitted in an agricultural zone.

The dispute between the Batesons and Lima Township, however, predates the 2009 purchase of the property. In an opinion in an earlier appeal in this case, this Court summarized the background facts of the parties' dispute:

In its original complaint, Lima Township alleged that Bateson had already been sued for violating zoning ordinances with regard to another property at 7970 West Liberty Road where he operated a business involving the commercial production and sale of topsoil and landscaping materials. It further alleged that, after the trial court in that case ordered the barricading of that property, Bateson moved his commercial equipment and vehicles to the property involved in this case [8786 West Liberty Road] and began to operate his business from there. It alleged that the operation of a commercial contractor's establishment or storage yard, the operation of a commercial business, and the storing and staging of the commercial trucks, equipment, and landscaping materials were not permitted uses

---

[1] The appeals were consolidated on this Court's own motion. *Lima Twp v Estate of Ernest K. Bateson*, unpublished order of the Court of Appeals, entered March 18, 2019 (Docket No. 345835).

[2] Ernest Bateson died in August 2018, and Pamela Bateson was appointed personal representative of Bateson's estate. This Court granted defendants' motions for substitution of parties in both appeals, substituting Pamela Bateson as personal representative of the Estate of Ernest K. Bateson in place of Ernest K. Batson. *Lima Twp v Estate of Ernest K. Bateson*, unpublished order of the Court of Appeals, entered December 20, 2018 (Docket No. 344007); *Lima Twp v Estate of Ernest K. Bateson*, unpublished order of the Court of Appeals, entered December 20, 2018 (Docket No. 345835).

[3] *Lima Twp v Estate of Ernest K. Bateson*, unpublished order of the Court of Appeals, entered March 18, 2019 (Docket No. 345835).

for a lot zoned as an AG-1 District. It concluded that the unlawful uses amounted to a nuisance and asked the trial court to abate the nuisance. Lima Township later amended its complaint to include allegations that Bateson and Gough were removing soils and material from the property without obtaining a special use permit as required by its zoning ordinances.

It was undisputed that the property commonly known as 8786 West Liberty Road was zoned as an AG-1 District under Lima Township's zoning ordinance. The zoning ordinances permitted various uses, which included, in relevant part, "[a]gricultural uses and customary farm accessory buildings, including apiaries and green houses," "[r]oadside stands selling seasonal farm produce," "single-family dwelling," "[t]ree, sod farm," "[f]ertilizer sales, feed or seed sales," and "[s]tructures or roads for the development, protection and conservation or open space, watersheds, water, soil, forest and wildlife resources." Lima Township Zoning Ordinances (Zoning Ord), §4.5.2, 4-11. The term "agriculture" was further defined to mean the "use of land for tilling of the soil, the raising of tree and field crops, or raising animals as a source of income." Zoning Ord, §2.2, 2-2.

The ordinance did not permit the storage or staging of commercial vehicles and equipment for a commercial operation in a district zoned AG-1. The ordinances did allow a landowner in a district zoned AG-1 to conduct the "off premise storage of service vehicles" and permitted "[q]uarries, mineral mining, sand and gravel pits, soil removal and other extractive excavations" as special uses. Zoning Ord, §4.5.2, 4-12. However, a landowner or occupier had to obtain a permit for those special uses. See, generally, Zoning Ord, §3.3; see also Zoning Ord, §5.27.2, 5-35 (requiring a permit for quarry or extractive operation). Notably, the ordinances provide that a "quarry" means any "pit, excavation or mining operation for the purpose of removal of excavated material such as earth, topsoil, sand, aggregate, clay or stone, for sale, transportation, exchange or barter, away from the premises." Zoning Ord, §2.2, 2-21.

In response to Lima Township's complaints, Bateson and Gough claimed that they were conducting a tree farm and nursery on the property and that all the equipment and vehicles were being used to prepare the land for the tree farm and to conduct tree farming operations. They further claimed that, to the extent that their storage and use of the equipment and vehicles were prohibited by Lima Township's zoning ordinances, those ordinances were preempted by the Right to Farm Act. [*Lima Twp v Bateson*, unpublished per curiam opinion of the Court of Appeals, issued October 11, 2018 (Docket No. 338934), p 2.]

The Batesons filed an answer to the Township's complaint, asserting as affirmative defenses that their activities were protected under Michigan's Right to Farm Act, MCL 286.471 *et seq.*, and that the activities were agricultural and therefore permitted on property zoned AG-1. Both parties moved for summary disposition of the Township's complaint. After an evidentiary hearing, the trial court granted the Township's motion for summary disposition and also granted the Township injunctive relief. *Lima Twp v Bateson*, 302 Mich App 483, 491; 838 NW2d 898

(2013). The Batesons appealed to this Court, which determined that the trial court had erred in several respects and remanded to the trial court for findings of fact to support the award of injunctive relief and to correct an evidentiary error. See *id*. at 504.

On remand, the trial court held a further evidentiary hearing and entered a final order determining that the Batesons' use of the property was not protected under the Right to Farm Act and abating the nuisance. The Batesons again appealed to this Court, which affirmed the trial court's decision. See *Lima Twp v Bateson*, unpub op at 1, 7.

The Township thereafter brought a motion in the trial court for costs and attorney fees under MCL 600.2591, contending that the Batesons' defense under the Right to Farm Act was frivolous because the Batesons had no reasonable basis to believe that the facts in this case justified a defense under that act. The trial court entered an order finding that the Batesons' assertion of a defense under the Right to Farm Act was frivolous. The trial court then held a hearing to determine the reasonable costs and fees to be awarded to the Township, and afterward entered an order awarding costs and fees to the Township in the amount of $14,555.85. The Township now appeals as of right the order of the trial court granting costs and fees, and the Batesons appeal on delayed leave granted the order of the trial court determining that their defense under the Right to Farm Act was frivolous.

## II. DISCUSSION

### A. THE RIGHT TO FARM ACT

The Batesons contend that the trial court erred in finding that their assertion of a defense under the Right to Farm Act was frivolous. We disagree.

The trial court's finding that a party's claim or defense is frivolous is a factual finding that this Court may not set aside unless it is clearly erroneous. *Kitchen v Kitchen*, 465 Mich 654, 661; 641 NW2d 245 (2002). A finding is clearly erroneous when, although there is evidence to support it, this Court is left with a definite and firm conviction that the trial court made a mistake. *Id*. at 661-662.

In Michigan, attorney fees generally are not recoverable from the losing party as costs absent a statute or court rule expressly authorizing the trial court to impose such sanctions. *Haliw v Sterling Hts*, 471 Mich 700, 706-707; 691 NW2d 753 (2005). MCL 600.2591, however, not only authorizes the imposition of attorney fees and costs, it requires a court to sanction an attorney or party that files a frivolous action or defense. *Meisner Law Group PC v Weston Downs Condo Ass'n*, 321 Mich App 702, 731; 909 NW2d 890 (2017). The purpose of imposing sanctions for asserting a frivolous claim or defense is to deter parties and their attorneys from asserting claims and defenses without sufficient investigation or to serve an improper purpose. *Id*. at 731-732. MCL 600.2591 provides as follows:

> (1) Upon motion of any party, if a court finds that a civil action or defense to a civil action was frivolous, the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and their attorney.

(2) The amount of costs and fees awarded under this section shall include all reasonable costs actually incurred by the prevailing party and any costs allowed by law or by court rule, including court costs and reasonable attorney fees.

(3) As used in this section:

(a) "Frivolous" means that at least 1 of the following conditions is met:

(*i*) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party.

(*ii*) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.

(*iii*) The party's legal position was devoid of arguable legal merit.

(b) "Prevailing party" means the party who wins on the entire record.

Whether a claim or a defense is frivolous within the meaning of MCL 600.2591 depends upon the facts of each case, *Kitchen*, 465 Mich at 662, and requires the evaluation of the claims and defenses at the time they were asserted and in the context of the facts of that case. *DC Mex Holdings LLC v Affordable Land LLC*, 320 Mich App 528, 548; 907 NW2d 611 (2017). The mere fact that a party does not prevail does not establish that the claim or defense asserted was frivolous. *Kitchen*, 465 Mich at 662. If a party has advanced a defense sufficiently grounded in fact and law, a finding that the defense is frivolous is not warranted. *Id*. at 664. On the other hand, if a claim or defense is not sufficiently grounded in law or fact, it is devoid of arguable legal merit and is frivolous. *Adamo Demolition Co v Dep't of Treasury*, 303 Mich App 356, 369; 844 NW2d 143 (2013).

The Batesons argue that they presented evidence that they were operating a tree farm on the property sufficient to demonstrate that the defense asserted under the Right to Farm Act was not frivolous. Although a tree farm potentially is a protected farming activity under the Act if the activities comply with the requirements of the Act, see *Lima Twp*, 302 Mich App at 498, the Batesons in this case presented scant evidence of a tree farm on the property in question. Although they planted approximately 600 small trees on the property, and there was testimony that some of the equipment stored on the property was consistent with farming, the overwhelming evidence supports a finding that the Batesons were not operating a tree farm, but were instead operating an excavation and gravel business. This Court previously summarized the evidence that indicated that the Batesons were not operating a farm:

> There was evidence that Bateson had been engaged in the commercial production and sale of landscaping materials and that he provided contractor services related to landscaping. Bateson testified that he was in the business of contracting and supplying landscaping materials. Gough similarly said that Bateson was in the "dirt business" and dug ponds as a sideline. After Gough purchased 8786 West Liberty Road, Bateson began moving commercial equipment and vehicles to the property.

There was photo evidence and testimony that Bateson improved the driveway, created additional access roads around the pond and to the north end of the property, dredged the pond, and created a parking area. Bateson and Gough claimed that the driveway improvements, alterations to the pond, and the creation of a parking area – characterized as the farm market area by Bateson – were necessary to prepare the property for a tree farm. But those improvements were also consistent with the use of the property as a storage and staging area for Bateson's commercial business and as an area for the commercial extraction and processing of landscaping aggregates. . . . The scale and nature of the improvements suggested that Bateson and Gough made and used the improvements to support Bateson's commercial landscaping business rather than for establishing a tree farm or other farm operation.

The photo evidence showed that the driveway, parking area, and additional roads were all located well beyond the area where Bateson and Gough planted trees. The additional access roads also appeared to facilitate the extraction, storage, and processing of landscaping materials; they did not appear consistent with any ordinary farming practices. The size of the parking area – described by [a witness] as half a football field in length – was also inconsistent with the small tree farm that the property could support. It was, however, well adapted to store equipment and vehicles for a commercial landscaping business. The improvements of the driveway also plainly aided the ingress and egress of the heavy commercial vehicles actually operating from the property. Similarly, although Bateson and Gough described the pond as an irrigation pond, Gough in effect testified that the pond was not suited to irrigate the trees planted on the front acreage. That, she explained, was why she wanted Bateson to construct another pond in the wetlands nearer to the trees that they had planted. Moreover, the removal of nutrient rich soil from the pond – and any future pond created in the wetlands – was consistent with supporting Bateson's landscaping business because it provided him with more materials for sale to the general public. Thus, although the improvements could in theory have been done to develop the property as a tree farm, the improvements were also consistent with and perhaps better suited to – the use of the property as a staging and storage area for Bateson's landscaping business.

The equipment and vehicles actually kept on the property, when considered as a whole, also strongly suggested that Bateson and Gough were not actually using them to operate a tree farm, or any other type of farm. The number and types of vehicles and equipment were consistent with Bateson's landscaping business, but were not well suited to a small tree farm operation. Bateson pointed to the fact that some farm owners in the vicinity had one or more vehicles or pieces of equipment on their farms that were similar to his equipment and machinery. But there was no evidence at the evidentiary hearing than any farm used or stored a comparable number of vehicles and equipment so specialized for landscaping and soil extraction and blending, and did so for such a modest acreage.

-6-

There was also testimony, photos, and logs that showed that trucks and equipment frequently traveled to and from the property. Three neighboring farmers . . . each agreed that about 500 trucks left the property at issue over the course of the summer before the evidentiary hearing. The testimony and evidence documenting the truck traffic showed that some trucks left full and came back empty, and on other occasions came back with aggregates and dumped them on the property. . . . [T]he scale of the documented comings and goings of trucks and heavy equipment strongly implied that the vehicles and equipment were being used in furtherance of Batson's commercial landscaping business. [*Lima Twp v Bateson*, unpub op at 4-5 (footnote omitted).]

The trial court concluded that the removal of materials from the property and the storage and use of commercial equipment on the property indicated by the evidence "have nothing to do with the farming of trees, and show that Bateson and Gough are actually engaged in a gravel hauling operation." This Court affirmed the trial court's decision. See *Lima Twp v Bateson*, unpub op at 7.

At the hearing on the motion to find the defense frivolous, the trial court stated that it found the defense to be frivolous but attributed the blame to Mr. Bateson rather than the Batesons' attorney, noting that Mr. Bateson's assertions were not credible and were done for the purpose of harassing and annoying rather than for the legitimate resolution of the dispute. Again during the hearing on the reasonableness of the costs and fees, the trial court observed that the assertion of a defense under the Right to Farm Act had no basis in the facts of this case.

The mere fact that the Batesons did not prevail in establishing their defense under the Right to Farm Act does not establish that their defense was frivolous. *Kitchen*, 465 Mich at 662. Rather, determining whether the assertion of a defense was frivolous involves evaluating the defense in the context of the facts at the time the defense was asserted. *DC Mex Holdings LLC*, 320 Mich App at 548. Here, the overwhelming evidence demonstrates that the Batesons were never operating a tree farm, and from the outset were instead operating an excavation and gravel business. Their assertion of a defense under the Right to Farm Act was thus devoid of arguable legal merit. Applying the deferential standard of review of clear error, nothing in the Batesons' argument demonstrates that the trial court's factual finding of frivolousness should be set aside. Because the trial court's finding has sufficient evidentiary support, we are not left with a definite and firm conviction that a mistake was made, and find no error in the trial court's determination that the defense was frivolous. See *Pioneer State Mut Ins Co v Michalek*, ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket No. 344577); slip op at 3-4.

## B. REASONABLE COSTS AND FEES

Lima Township contends that although the trial court correctly determined that the Batesons' defense under the Right to Farm Act was frivolous, the trial court erred by entering an order for costs and fees against the Batesons but not against the Batesons' attorney, and also erred in awarding only costs and fees incurred by the Township in the trial court after entry of the final order. We agree.

We review a trial court's decision on a motion for costs and attorney fees for an abuse of discretion. *Keinz v Keinz*, 290 Mich App 137, 141; 799 NW2d 576 (2010). We also review for an abuse of discretion the reasonableness of the trial court's award of attorney fees and costs. *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008). The trial court abuses its discretion when its decision falls outside the range of principled outcomes. *Id.*

Again, MCL 600.2591 provides, in relevant part:

(1) Upon motion of any party, if a court finds that a civil action or defense to a civil action was frivolous, the court that conducts the civil action **shall** award to the prevailing party the costs and fees **incurred by that party in connection with the civil action** by assessing the costs and fees against the nonprevailing party **and their attorney**.

(2) The amount of costs and fees awarded under this section **shall include all reasonable costs actually incurred by the prevailing party and any costs allowed by law or by court rule, including court costs and reasonable attorney fees**. [Emphasis added.]

The Legislature's use of the word "shall" in a statute indicates that the directive is mandatory, not discretionary. *Smitter v Thornapple Twp*, 494 Mich 121, 136; 833 NW2d 875 (2013). Thus, the language of MCL 600.2591 requires a court to sanction an attorney or party who asserts a frivolous action or defense. *Meisner Law Group PC*, 321 Mich App at 731. Because the trial court in this case found that the defense asserted under the Right to Farm Act was frivolous under MCL 600.2591, the trial court was required under the statute to award "all reasonable costs actually incurred by that party in connection with the civil action," and those costs include reasonable attorney fees. MCL 600.2591; *Travelers Ins v U-Haul of Mich, Inc*, 235 Mich App 273, 289-290; 597 NW2d 235 (1999). Because the sanctions are mandatory under MCL 600.2591, the trial court did not have discretion to forego their imposition. *Cvengros v Farm Bureau Ins*, 216 Mich App 261, 268; 548 NW2d 698 (1996). The trial court therefore abused its discretion by failing to determine and award all reasonable costs incurred by the Township in connection with the action, including reasonable attorney fees.

The burden of proving the reasonableness of fees is upon the party requesting the fees. *Smith*, 481 Mich at 528-529. When determining the reasonableness of a requested fee, the trial court should consider the "totality of special circumstances applicable to the case at hand." *Id.* at 529; *Michalek*, ___ Mich App at ___, slip op at 4. In this case, after finding that the Batesons' defense under the Right to Farm Act was frivolous, the trial court held a hearing to determine the reasonableness of the attorney fees and costs to be imposed. The trial court properly stated the test for determining reasonableness, then took testimony from both parties' attorneys regarding the reasonableness of the attorney fees requested. On the record at that hearing, however, the trial court again explained that it considered the frivolous conduct to be only that of Ernest Bateson, not his attorney. The trial court then imposed the amount of costs and attorney fees that the Township represented it had incurred since the entry of the final judgment, being $14,555.85, and assessed this amount entirely against the Batesons and not their attorney.

One of the purposes of imposing sanctions for asserting a frivolous action or defense is to deter attorneys from asserting claims or defenses without sufficient research or investigation. *Meisner*, 321 Mich App at 731-732. An attorney has an affirmative duty to reasonably inquire into the factual and legal viability of a pleading before signing it. *LaRose Market, Inc v Sylvan Ctr, Inc*, 209 Mich App 201, 210; 530 NW2d 505 (1995). Whether an attorney's inquiry is reasonable is determined by an objective standard, not the attorney's good faith. *Meisner Law Group PC*, 321 Mich App at 731. Having found that the Batesons asserted a frivolous defense, the trial court was obligated under MCL 600.2591 to award the Township its reasonable attorney fees against both the Batesons and their attorney.

Of course, reasonable attorney fees does not mean that the Township necessarily is entitled to its actual attorney fees. See *In re Attorney Fees and Costs*, 233 Mich App 694, 705; 593 NW2d 589 (1999) (a trial court's obligation under MCL 600.2591 is to award reasonable attorney fees, not actual attorney fees). However, the Township is entitled to establish the amount of its reasonable costs and fees incurred resulting from the Batesons' assertion of a defense under the Right to Farm Act, not limited to those expenses incurred after the final judgment. Because the trial court in this case did not consider the reasonableness of the Township's attorney fees incurred before entry of the judgment,[4] we remand to the trial court for determination of reasonable costs and attorney fees incurred before judgment, and for imposition of that amount, together with the amount already determined by the trial court to be reasonable post-judgment costs and attorney fees, against the Batesons and their attorney.

The trial court's finding that the Batesons' defense under the Right to Farm Act is frivolous is affirmed, and we remand for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Anica Letica
/s/ Michael F. Gadola
/s/ Thomas C. Cameron

---

[4] Before the trial court, the parties did not dispute the reasonableness of the Township's attorney's hourly rate nor the reasonableness of the attorney fees incurred post judgment. On remand, the trial court's review is limited to determining the reasonableness of costs and of the number of hours for which the Township seeks attorney fees incurred in connection with this action before entry of the judgment.