*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CENTRAL HOME HEALTH CARE SERVICES,

        Plaintiff-Appellee,

v

MICHIGAN ASSIGNED CLAIMS PLAN and
MICHIGAN AUTOMOBILE INSURANCE
PLACEMENT FACILITY,

        Defendants-Appellants,

and

AUTO CLUB INSURANCE ASSOCIATION,

        Defendant-Appellee.

UNPUBLISHED
February 18, 2025
2:12 PM

No. 366589
Washtenaw Circuit Court
LC No. 22-001365-NF

Before: GADOLA, C.J., and CAMERON and ACKERMAN, JJ.

PER CURIAM.

This appeal arises out of Central Home Health Care Services' suit to recover payment for the medical care it provided to Sandra Delacruz-Reyna, a nonparty to this case, following a car accident. Defendants Michigan Assigned Claims Plan and Michigan Automobile Insurance Placement Facility[1] appeal the trial court's order dismissing defendant Auto Club Insurance Association (ACIA) from the case and denying without prejudice MAIPF's motion for summary disposition. We reverse.

---

[1] While both the Assigned Claims Plan and the Placement Facility are named as defendants, for ease of reference this opinion will refer to these defendants collectively as MAIPF.

## I. FACTS AND PROCEDURAL HISTORY

Sandra Delacruz-Reyna was the principal named insured on a policy issued by ACIA. Initially, the policy included "Personal Injury Protection" (PIP)[2] for two vehicles, a 2007 Chevrolet Suburban and a 2009 Chevrolet Silverado. On November 11, 2019, Delacruz-Reyna removed PIP coverage on the 2007 Suburban and received a discount from ACIA. On December 23, 2019, while driving the Suburban, Delacruz-Reyna was injured in an automobile accident and received certain treatment from Central Home.

In 2022, Central Home sued ACIA to recover payment for "overdue benefits" under MCL 500.3112. In its answer, ACIA denied liability, citing the absence of PIP coverage on the Suburban. Central Home then amended its complaint and added MAIPF as defendant. Shortly thereafter, MAIPF moved for summary disposition, contending that because Delacruz-Reyna was a named insured on the policy issued by ACIA, she had to receive benefits from that policy and therefore was not eligible to claim benefits via the assigned claim system. Central Home responded that there was a question of fact as to the priority of the insurance providers. ACIA also responded and while it took no position on MAIPF's liability, it claimed that it should be granted summary disposition because there was no PIP coverage on the Suburban at the time of the accident, meaning the policy should be enforced as written.

After a hearing on the motions, the trial court denied MAIPF's motion for summary disposition but granted summary disposition to ACIA. As the trial court reasoned from the bench:

> Mr. Dombrowski [counsel for ACIA], I agree with your analysis in your argument that I should enforce the contract as written. And that contract specifically does not provide for PIP benefits and under that analysis, your insurer is not required to provide those PIP benefits. Where that leaves everybody else, I'm not sure. But in terms of your analysis on that, that contract does not require you to provide PIP benefits. And then where that leaves the plaintiff and where that leaves others, I'm not sure.
>
> * * *
>
> . . . I'm granting as to [ACIA], but I think there's some question of fact as to the rest. But as to [ACIA], they're out.

---

[2] The proper statutory name for this coverage is "personal protection insurance," MCL 500.3107(1), but it is "abbreviated PIP by convention." *McKelvie v Auto Club Ins Ass'n*, 459 Mich 42, 44 n 1; 586 NW2d 395 (1998).

MAIPF then filed an interlocutory application for leave to appeal, challenging the trial court's decision to deny it summary disposition, which this Court granted.[3] These proceedings followed.

## II.  STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition.  *Weymers v Khera*, 454 Mich 639, 647; 563 NW2d 647 (1997).  Summary disposition is appropriate where "there is no genuine issue as to any material fact" and "the moving party is entitled to judgment . . . as a matter of law."  MCR 2.116(C)(10).

## III.  ANALYSIS

As an initial matter, the trial court erred by determining that it had to enforce ACIA's policy as written—meaning that the policy did not provide PIP coverage for the 2007 Suburban.  The trial court correctly determined that the general rules of contract interpretation apply to no-fault policies and that unambiguous provisions of an insurance policy must be enforced as written.  *Fuller v GEICO Indemnity Co*, 309 Mich App 495, 498; 872 NW2d 504 (2015).  However, the trial court failed to recognize that no-fault policies only control coverages that are optional, and the no-fault act governs mandated coverage, including PIP coverage.  *Meemic Ins Co v Fortson*, 506 Mich 287, 297-298; 954 NW2d 115 (2020).  The no-fault act therefore controls in this case.

The Michigan no-fault act provides that "the owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance . . . as required by this chapter," albeit only "during the period the motor vehicle is driven or moved on a highway."  MCL 500.3101(1).  The no-fault act also states:

> Except as provided in subsections (2), (3), and (5),[4] a personal protection insurance policy described in section 3101(1) applies to accidental bodily injury *to the person named in the policy*, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident. [MCL 500.3114(1) (emphasis added).]

We have held that " 'the named insured' and 'the person named in the policy' are synonymous terms."  *Transamerica Ins Corp v Hastings Mut Ins Co*, 185 Mich App 249, 255; 460 NW2d 291 (1990).  As a result, Delacruz-Reyna was "the person named in the policy" for purposes of MCL 500.3101(1) inasmuch as she was the named insured of the policy covering the 2009 Silverado.

"[T]he cardinal rule under the no-fault act [is] that *persons*, not motor vehicles, are insured against PIP loss."  *Memberselect Ins Co v Hartford Accident & Indemnity Co*, 343 Mich App 377,

---

[3] *Central Home Health Care Servs v Mich Assigned Claims Plan*, unpublished order of the Court of Appeals, issued January 17, 2024 (Docket No. 366589).

[4] Subsections (2) (operators or passengers of motor vehicles transporting passengers), (3) (employees occupying an employer's vehicle), and (5) (operators or passengers of a motorcycle) are not applicable in this case.

383; 997 NW2d 267 (2022). As a function of this arrangement, "an injured person is required to seek compensation from his own no-fault insurer, regardless of whether that person's insured vehicle [was] involved in the accident." *Farmers Ins Exch v AAA of Mich*, 256 Mich App 691, 695; 671 NW2d 89 (2003). Therefore, to recover no-fault benefits Delacruz-Reyna was to look first to any policy on which she was "the person named in the policy," and such a policy existed—the one applying to the Silverado. Where one of Delacruz-Reyna's healthcare providers attempts to recover "overdue" benefits under MCL 500.3112, it undoubtedly must claim in the same order of priority Delacruz-Reyna herself would,[5] so it also must claim against a policy on which she is the "named insured" if one exists.

The alternative to claiming against a policy in which the injured person is a "named insured" is to make an assigned claim. This avenue is available when "a person who suffers accidental bodily injury arising from a motor vehicle accident while an occupant of a motor vehicle who is not covered under a personal protection insurance policy . . . ." MCL 500.3114(4). That is the avenue that plaintiff has pursued, arguing that since Delacruz-Reyna removed the PIP coverage on the Suburban, she "is not covered under a [PIP] policy" and therefore is eligible to make an assigned claim. The trial court agreed, based on the notion that it must "enforce the contract as written," which did not include PIP coverage on the Suburban. That ruling, however, disregards that "the statute is the 'rule book' for deciding the issues involved in questions regarding awarding [statutorily mandated] benefits." *Rohlman v Hawkeye-Security Ins Co*, 442 Mich 520, 525; 502 NW2d 310 (1993). Delacruz-Reyna is the named insured on a policy providing PIP coverage, so Central Home must claim against that policy, not the assigned claims system.

In its brief as appellee, ACIA argues "MAIPF doesn't have standing to appeal the grant of summary disposition in favor of [ACIA]." But MAIPF is not challenging the *grant* of summary disposition to ACIA; it is challenging the *denial* of summary disposition to MAIPF. The issue on which this Court granted leave to appeal was whether the trial court erred in denying MAIPF's motion for summary disposition. It did; we are not reviewing the trial court's decision to grant summary disposition to ACIA.

ACIA also argues that the trial court was substantively correct to deny summary disposition to MAIPF, because Delacruz-Reyna is disqualified from recovering PIP benefits under the policy applicable to the Silverado by MCL 500.3113(b). That section provides that a person may not recover PIP benefits if they were "the owner or registrant of a motor vehicle . . . involved in the accident with respect to which the security required by section 3101 . . . was not in effect." We do not need to reach this issue, because if Delacruz-Reyna were not eligible to recover PIP benefits under the policy covering the Silverado due to MCL 500.3113(b), she would *also* not be eligible

---

[5] While this Court has held that a healthcare provider's direct claim against an insurer under MCL 500.3112 is not "derivative" of the insured's ability to make a claim, see *Mota-Peguero v Falls Lake Nat'l Ins Co*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No. 364103); slip op at 4, this was for purposes of the balancing-of-the-equities analysis required under *Bazzi v Sentinel Ins Co*, 502 Mich 390; 919 NW2d 20 (2018), when an insurance policy is rescinded.

to make an assigned claim. See MCL 500.3173. Either way, MAIPF is not liable to pay benefits in this case.[6]

## IV. CONCLUSION

The trial court erred by denying summary disposition to MAIPF. Its order is therefore reversed and this matter is remanded for entry of summary disposition in favor of MAIPF. We do not retain jurisdiction. Defendants-appellants may tax costs as the prevailing party pursuant to MCR 7.219.

/s/ Michael F. Gadola
/s/ Thomas C. Cameron
/s/ Matthew S. Ackerman

---

[6] It appears MAIPF made a similar "we win either way" argument in *Bronson Methodist Hosp v Mich Assigned Claims Facility*, unpublished per curiam opinion of the Court of Appeals, issued February 19, 2015 (Docket No. 317866). The Supreme Court ordered oral argument in the case, 498 Mich 928 (2015), but ultimately vacated our decision, 500 Mich 1024 (2017), and this Court on remand resolved the case on unrelated standing grounds in an unpublished opinion. See *Bronson Methodist Hosp v Mich Assigned Claims Facility*, unpublished per curiam opinion of the Court of Appeals, issued November 16, 2017 (Docket No. 317866).